Jones, J.
 

 We hold that respondents may not be compelled to implement a decision of the Unified Court System Employment Relations Review Board that is outside the scope of the controversy before that board.
 

 For over 20 years prior to 1972 the courts in the Appellate Division, First Department, had recessed over the Christmas-New Years holidays. The nonjudicial employees in the court system had never been required to charge the time off they thus enjoyed to their annual leave. In a departure from this past practice the Appellate Division canceled the court recess
 
 *573
 
 which would otherwise have been observed at the end of 1972, with an accompanying directive that no compensating nonchargeable time off would be allowed.
 

 Petitioners promptly initiated grievance proceedings pursuant to the provisions of Part 23 of the Rules of the Administrative Board (22 NYCRR Part 23). Discussion at the first step (§23.3) having been unavailing, a second-step hearing was held before Mr. Justice Samuel A. Spiegel in accordance with the provisions of section 23.4. On December 26, 1972 the second-step decision was handed down, in which Judge Spiegel, recognizing the unfettered right of the Appellate Division to determine when the courts would and would not be in session (a right conceded by all parties), concluded that there was no basis in law for the employees’ grievance. Appeal was promptly taken to the Employment Relations Review Board (§ 23.5). At the request of the employees, hearings initially scheduled for March, 1973 were postponed and eventually held on November 5, 1973. The Review Board handed down its decision on December 12, 1973. In that decision the board sustained the rejection of the grievance arising out of the cancellation of the 1972 holiday recess. Beyond that the Review Board’s decision contained the following statements:
 

 "During the course of the grievance, the additional question has arisen as to whether the employees will be entitled to any non-chargeable leave during this period in the event a Court was in recess.
 

 * * *
 

 "Further, when the Court has the approval of the Appellate Division to recess during the Christmas-New Year period, the non-judicial employees shall be permitted to share the time off which results from the reduced operation of the Court as nonchargeable leave.”
 

 It is this additional directive which is the subject of the present appeal.
 

 The former customary holiday recess had been reinstated for 1973; however, the order of the Appellate Division declaring the 1973 recess had also provided, in contradistinction to former practice, that time off enjoyed by the employees during the recess would be charged to annual leave. The employees subsequently called on the Office of Court Administration to follow past practice and to implement the decision of the Review Board by treating the recess time off as nonchargeable
 
 *574
 
 leave. When it was announced that the directive of the Review Board would not be followed, the present proceedings, now consolidated, were instituted.
 

 The resolution of the 1972 grievance by the Review Board has been accepted by all parties. The present controversy concerns only the claims of the employees arising out of the subsequent events of 1973 and the declaration of the Review Board said to be applicable thereto.
 

 Special Term, New York County, upheld the Review Board, and granted the relief requested by the employees to the extent that respondents were ordered to "treat as non-chargeable leave shared time * * * which resulted from the reduced operations of the Supreme Court in the First Judicial District during the recess of Christmas 1973 and New Years 1974.” On appeal to the Appellate Division, First Department, the consolidated proceeding was transferred to the Appellate Division, Third Department, which reversed and dismissed. We now concur in this latter determination.
 

 Since in the present proceeding to compel respondents to implement a decision of the Review Board there is no suggestion—as indeed there could not be—that respondents were vested with authority to exercise any judgment or discretion in determining whether to comply with a legally effective decision of the board (see 8 Weinstein-Korn-Miller, NY Civ Prac, par 7803.06), petitioners’ success in this proceeding in the nature of mandamus requires a showing of "a clear legal right” to the relief sought
 
 (Matter of Pruzan v Valentine,
 
 282 NY 498, 501). The right to performance "must be so clear as not to admit of reasonable doubt or controversy”
 
 (Matter of Burr v Voorhis,
 
 229 NY 382, 387; see, also, 48 NY Jur, Public Officers and Employees, § 93, p 18).
 
 [1]
 

 In judging the entitlement of petitioners to the relief they seek we must turn then to consideration of the obligation of respondents to obey decisions of the Review Board.
 

 Section 23.5 of the Rules of the Administrative Board under which proceedings before the Review Board are conducted, expressly provides: "The determination of the review board shall be final.” Such provision must be held, however, to refer
 
 *575
 
 only to determinations made with respect to controversies that have been submitted to the board. The crucial question on this appeal, therefore, is whether the additional directive with respect to treatment of time off when the courts are in recess as nonchargeable was within the scope of the controversy submitted to the Review Board.
 

 In delineating the extent of the board’s jurisdiction in this instance we are confronted at the outset with difficulties occasioned by the deficiency of the rules under which the determination was made and thereafter by the action—or more precisely the inaction—of the employees in prosecution of their claims. Modern procedures for dispute determination in all categories customarily make an effort, without embracing the rigidities associated with common-law pleadings, to reduce to writing the description of the dispute sought to be resolved. In this respect we find the rules of the Administrative Board disappointing. Section 23.3 which makes provision for “initiating a formal grievance” contains no requirement with respect to any identification of the “grievance”. Nor is there any requirement at step two that definitional boundaries of the grievance be established. Reference is made to "receipt of the request for review”, but in this instance the record before us contains no such document and no reference is made by any party to its absence. As to the final step, section 23.5 provides that “If a grievance is not satisfactorily resolved at the second step, an appeal may be filed with” the Review Board. The section continues, “Such appeal shall be in writing and must be filed within 30 days”. Again, there is no such writing in this record and no significance is attached to its absence by any party. Thus there is no documentary definition of the grievance to aid us.
 

 In this circumstance we turn to an examination of the proceedings themselves to determine the scope of the grievance as a matter of substance. Specifically the issue to be resolved is whether the question of the entitlement of the employees to time off when the courts are in recess was within the controversy submitted to grievance procedures. Our examination of the record persuades us that it was not.
 

 The grievance in this instance arose out of the cancellation in 1972 of what had theretofore been a normal holiday recess. Examination of the decision of Judge Spiegel at the second step reveals that the only issues considered or determined by him arose out of the events of 1972. For over 20 years there
 
 *576
 
 had been recesses and nonchargeable time off; the differences between the parties were generated only by the cancellation of the recess in 1972 and their dispute was over the rights of the employees when the courts were in session. No controversy had then arisen as to the entitlement of the employees to continued nonchargeable time off in any subsequent year when the courts might be in recess. Moreover, it is apparent that no such controversy could have been contemplated by the parties at the second stage; Judge Spiegel’s decision was rendered in December, 1972—months prior to the announcement that holiday recesses would be resumed in 1973 with time off charged to annual leave.
 

 It was only because the hearings before the Review Board at the next step were postponed into November, 1973 that any controversy over the Appellate Division directive with respect to 1973 even came to the attention of the board. So far as appears from the record before us the first announcement that the holiday recess would be reinstated at the end of 1973 and that time off in consequence thereof would now be charged to annual leave came in a memorandum dated October 31, 1973. But under the provisions of section 23.5 the role of the Review Board was narrowly prescribed. "The review board shall review the record of the prior proceedings and shall determine such appeal * * * based on the record and such additional oral or written arguments as may be presented at hearings before it.” Thus, introduction of any new issue at this stage would appear to have been precluded.
 

 If this were not enough, an examination of the minutes of the proceedings before the board discloses that no attempt was then made to introduce the 1973 controversy. There is even internal evidence that it was recognized that the 1973 issues were not part of the proceedings then before the board. At the opening of the hearing the chairman both described the grievance and framed the issue before the board as arising out of a
 
 cancellation
 
 of "what had been an annual ten-day recess of the Court during the Christmas to New Year period”. The first reference to the events of 1973 came in response to an inquiry initiated by the chairman. The response informed the board of the memorandum of October 31, 1973 that announced the 1973 recess. After a brief informational colloquy, the president of one of the petitioning employee associations stated explicitly: "This, of course, is going to form the basis of another grievance, which is the forcing of people to take off
 
 *577
 
 when they—To which the chairman rejoined: "I suspected that would be on its way. But in the meantine let’s stick with one headache at a time.”
 

 Thereafter no reference was made in the presentation before the board to the 1973 directive or to its implications. We find it significant that the subject of the 1973 controversy was not introduced by the parties, nor did either side think it of any relevance even to introduce a copy of the memorandum of October 31, 1973 which would have been nearly essential to the submission of the 1973 controversy. We find no copy of that memorandum in the record on appeal.
 

 Thus, we conclude that, even were it to be assumed that a new and discrete dispute could first be introduced before the Review Board—a very doubtful proposition—in this instance there was no attempt by anyone to do so. In these circumstances, the reference in the board’s decision to the "additional question” and then its purported directive with respect to the entitlement of employees when there was a court recess, can only be characterized as gratuitous, not called for in the circumstances, and therefore outside the jurisdiction of the board. This being so the board was without authority to make the determination which it assumed to make. By like token respondents cannot now be compelled to implement it.
 
 [2]
 

 Finally, we reject the argument advanced on behalf of petitioners that the grievance procedures here must be likened to arbitration proceedings, with the consequence,
 
 arguendo,
 
 that the decision of the board, qua award of arbitrators, would not be subject to judicial scrutiny for asserted misapplication of law, including error as to the scope of arbitrational jurisdiction. We do not classify the grievance procedures under Part 23 of the Rules of the Administrative Board as arbitration proceedings, although doubtless they have some of the same informality and procedural characteristics which attend arbitration.
 
 [3]
 

 In the analysis we make of the matter we base our disposi
 
 *578
 
 tion of the present appeal on the procedural ground described above. We expressly eschew any consideration of the merits of the 1973 controversy.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur; Chief Judge Breitel taking no part.
 

 Order affirmed, without costs.
 

 [1]
 

 . We note that these are not proceedings for the direct review of the determination of the Review Board, although that determination ineluctably comes under our examination. Accordingly, we express no view as to whether, to what extent and by what standard determinations of the Review Board may be subject to direct judicial review.
 

 [2]
 

 . We do not reach or consider in this case whether, to what extent, and by what standard determinations of the Review Board as to controversies properly before it may be subject to collateral judicial review in enforcement proceedings similar to the present (cf. n 1,
 
 supra).
 

 [3]
 

 . We observe that in one of the original underlying article 78 proceedings petitioners had sought relief as well under article 75 on the ground that the determination of the Board of Review should be classified as an award in arbitration. No appeal was ever taken from Special Term’s denial of relief on that theory.