C. B. STRAIN & SON, INC., Appellant, v STATE OF NEW YORK HEALTH AND MENTAL HYGIENE FACILITIES IMPROVEMENT CORPORATION, Respondent.

Third Department, May 5, 1977

*Van De Water & Van De Water (David D. Hagstrom* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (George M. Thorpe* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. Defendant, Health and Mental Hygiene Facilities Improvement Corporation, awarded a contract for sanitary work to plaintiff in 1969. On December 12, 1972 a purported final payment in the amount of $7,042.97 was issued to plaintiff. This check was indorsed without restriction by plaintiff on December 18, 1972 and paid by the drawee bank on December 21, 1972. There has never been any tender of return of the check or any part of the payment made thereby. On January 4, 1973 plaintiff caused to be served upon defendant and certain other State officers, a notice that an additional amount of $41,716.13 was claimed to be due under the contract owing to certain breaches of contract by respondent. An action was commenced in Supreme Court by service of a summons and complaint on December 6, 1973. After the service of an amended complaint, defendant's answer raised the defense that the action is barred by the applicable Statute of Limitations and a motion seeking dismissal of the complaint was subsequently granted upon that ground.

The contract between the parties provided in pertinent part

that "acceptance * * * of the last payment * * * shall * * * operate as a release * * * from all claim and liability to the contractor". However, the Legislature in recognition of the inequity of requiring a contractor who wishes to assert a claim against the State or a department or agency thereof, to indefinitely forego final payment of amounts conceded to be due, has provided in section 145 of the State Finance Law, as follows: "No provision contained in a construction contract awarded by any state department or agency shall bar the commencement of an action for breach of contract on the sole ground of the contractor's acceptance of final payment under such contract provided that a detailed and verified statement of claim is served upon the public body concerned not later than forty days after the mailing of such final payment. The statement shall specify the items upon which the claim will be based and any such claim shall be limited to such items. Any provision of subdivision four, section ten of the court of claims act to the contrary notwithstanding, an action founded upon such statement of claim shall be filed within six months after the mailing of the final payment.

Plaintiff therefore argues that the waiver provision in its contract is inapplicable. It is not disputed that claimant did serve a statement of claim within 40 days after the mailing of the final payment as required, but it did not commence its action within six months thereafter. Because of this failure, plaintiff's action was found to be time-barred by the court at Special Term. Plaintiff argued at Special Term and argues again on this appeal, that the applicable Statute of Limitations is contained in subdivision 3 of section 12 of the Facilities Development Corporation Act (L 1968, ch 359, § 1, as amd by L 1973, ch 658, § 1). Subdivision 1 of that section vests exclusive jurisdiction over any action brought against defendant in the State Supreme Court and provides that venue shall be laid in Albany County. Subdivision 3 provides that an action against defendant "for damages for injuries to real or personal property, or for the destruction thereof, or for personal injuries or death * * * shall not be commenced more than one year and ninety days after" accrual of the cause of action.

This argument is clearly erroneous. Subdivision 3 of section 12 is clearly applicable only to certain kinds of actions which are not inclusive of the present claim. Nevertheless, plaintiff argues, in essence, that subdivision 3 of section 12 is more

specific than section 145 of the State Finance Law where the two conflict, and because the former designates the court in which the action is brought, it therefore establishes the Statute of Limitations applicable to all actions against defendant in that court. The error in this argument is in its statement that Statutes of Limitation are related to the court in which the action is brought. This is, of course, not so. Statutes of Limitation are particular to specified kinds of actions or proceedings, not parties or courts.

Here, section 145 relates to specific kinds of causes of action —for breach of contract provisions against any public body where final payment has been received in circumstances that would otherwise constitute a waiver of any claim for damages. The Statute of Limitations contained therein must govern all actions for damages which otherwise would have been contractually waived, regardless of whichever court has jurisdiction, for this particular statute is an undivided, interdependent whole.

Section 12 of the Facilities Development Corporation Act, on the other hand, is not indivisible. Subdivision 1 thereof vests jurisdiction in the Supreme Court and lays venue in Albany County. Subdivision 3 thereof establishes a Statute of Limitations for death, personal injury, or property damage suits. Section 145 of the State Finance Law is therefore not at all in conflict with section 12, which only applies as to jurisdiction and venue, and thus section 145 is controlling as to the time within which this action was required to have been commenced.

Since plaintiff did not commence its action within six months, it is time-barred under section 145. We reject the contention that the service of the statement of claim constituted commencement of the action so as to overcome the statutory disqualification. Plaintiff's arguments on this point are based in their entirety on the practice as to notice of claim and filing of a claim in the Court of Claims. On this procedural matter, Court of Claims practice cannot control, for notwithstanding plaintiff's inconsistent implication that the Court of Claims procedure should apply to actions such as the one at bar, section 145 imposes no such requirement. This aspect of plaintiff's argument is based on the irrelevant fact that section 145 does not contemplate any other court. Once in that section is the Court of Claims mentioned, and then only to supersede subdivision 4 of section 10 of the Court of

Claims Act *where it might apply.* The statute thus properly recognizes that certain provisions of the Court of Claims Act will apply to many of the actions brought under section 145, and merely establishes its own superiority where the Court of Claims Act Statute of Limitations provision might otherwise apply. It does not vest jurisdiction over all section 145 actions in the Court of Claims. It governs only as to matters on which it speaks directly.

We note, parenthetically, that since defendant does not dispute the propriety of jurisdiction in the Supreme Court, we see no relevance to the State's arguments based on the Court of Claims Act and cases thereunder. Unlike that act, the statutes applicable to the case at bar contain no provisions excusing late filing of an action in certain circumstances.

The order should be affirmed, without costs.

KOREMAN, P. J., MAIN, LARKIN and HERLIHY, JJ., concur.

Order affirmed, without costs.