OPINION OF THE COURT
Robert F. Doran, J.
At issue on this motion to dismiss a contract cause of action complaint are three questions. (1) Is section 145 of the State Finance Law applicable to a contract action between the plaintiff, a domestic corporation, and the defendant, a public benefit corporation, or is section 145 applicable only to actions *435 in the Court of Claims? (2) Assuming section 145 does apply to such an action, does the section apply to a contract entered into before the statute’s effective date? (3) Does the notice of claim filed in this action comply with the provisions of section 145 insofar as they require a detailed statement of claim?
A research of case law does not reveal any definitive answer to the first two questions. However, Strain & Son v State of New York Health & Mental Hygiene Facilities Improvement Corp. (57 AD2d 211) is instructive.
The basic problem arises because the exclusive jurisdiction over any action brought against the defendant lies in the State Supreme Court (Health and Mental Hygiene Facilities Improvement Act, § 12, subd 1, as set forth in L 1968, ch 359, § 1, as amd by L 1973, ch 658, § 9). This court concludes that section 145 of the State Finance Law is applicable to a contract action against this defendant and, furthermore, that it is applicable to the instant action, even though the action involves a contract which was signed and entered into prior to the effective date of section 145. While the issues at hand do not appear to have been specifically raised in Strain & Son (supra), it is clear the contract in the Strain & Son case was also entered into prior to the effective date of section 145.
The defendant finally argues that even assuming the applicability of section 145 to the instant case, the plaintiff has nevertheless failed to provide a sufficiently detailed claim to comply with the requirements of section 145.
The court has examined the notice of claim, and in its opinion, the notice sufficiently complies with the requirements of section 145.
The notice of claim specifically states that the breach in contract was caused by a delay in the job which was not an ordinary delay but rather resulted from the misfeasance and malfeasance of the defendant. The notice states that the damages sustained were increased costs of materials and labor caused by such delay. The notice also sets forth the critical dates (i.e., the date of the signing of the contract, the date the work was supposed to have commenced, the date the work actually commenced, the date the work was to have been completed and the date the work was actually completed). The notice of claim states that all delays were occasioned solely by the actions of the defendant and that as a result of such delays, the plaintiff sustained increased material and labor costs. This court therefore concludes that such a notice of *436 claim constitutes a "detailed * * * statement of claim” within the meaning of section 145 of the State Finance Law.
Accordingly, the plaintiff may submit an order denying the motion to dismiss the complaint.