■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARY WILLIAM MAIER, Respondent.—Appeal by the People from so much of an order of the County Court, Dutchess County, dated May 25, 1979, as, upon defendant's motion to inspect the Grand Jury minutes, reduced the first count of the indictment from attempted robbery in the first degree to attempted robbery in the third degree. Order reversed insofar as appealed from, on the law, and the first count of the indictment is reinstated. CPL 210.20 (subd 1, par [b]) does not authorize a reduction of a charge contained in an indictment to a lesser included offense upon the defendant's pretrial motion for inspection of the Grand Jury minutes. The court may dismiss a count upon such a motion, but only if the evidence presented to the Grand Jury is insufficient to sustain either the charge itself or a lesser included offense thereof *(People v Leichtweis,* 59 AD2d 383, 387). As the County Court found, there was sufficient evidence to support an indictment for attempted robbery in the third degree. Thus, it would have been error to dismiss the count and the court had no authority to reduce it. The motion to dismiss should have been denied and we now reinstate the first count of the indictment. Damiani, J. P., Mangano, Rabin and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED SCOTT, Also Known as JESSE HARRIS, Also Known as CHRIS BENNETT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 1, 1977, convicting him of manslaughter in the first degree, upon his plea of guilty, and sentencing him as a second felony offender to an indeterminate term of imprisonment of from 12½ to 25 years. Judgment modified, on the law, by reducing the sentence to an indeterminate term of imprisonment of from 8⅓ to 16⅔ years. As so modified, judgment affirmed. Defendant was originally promised a sentence of 8⅓ to 25 years in exchange for his guilty plea. After being adjudged a second felony offender, a sentence of 12½ to 25 years was imposed. A guilty plea induced by an unfulfilled promise must either be vacated or the promise honored *(People v Selikoff,* 35 NY2d 227). However, giving defendant the option to withdraw his plea would be prejudicial to the People since one of their principal witnesses is now deceased. Thus the sentence must be reduced to 8⅓ to 16⅔ years, which is the maximum term consonant with both subdivision 4 of section 70.06 of the Penal Law, mandating a two to one ratio between the maximum and minimum of an indeterminate term of imprisonment accorded a second felony offender, and the terms of the original plea bargain. Mangano, J. P., Rabin, Margett and Martuscello, JJ., concur.