■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES LEE W., Appellant.—Appeal by defendant, as limited by his motion, from two sentences of the County Court, Dutchess County, imposed July 28, 1978, upon his adjudication as a youthful offender, the sentences being concurrent terms of imprisonment of zero to four years and one year, respectively. Sentence of zero to four years affirmed. No opinion. Appeal from the one-year sentence dismissed. The term of that sentence has expired (see *People v McIntosh,* 70 AD2d 939). Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

(July 21, 1980)

■ In the Matter of ZACK BROWN, Petitioner, v ISAAC RUBIN, as Justice of the Supreme Court of the Ninth Judicial District of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to compel the respondent to amend Indictment No. 78-00479-01 filed by the Grand Jury of Westchester County, which names petitioner as a defendant, to solely charge the offense of unlawful possession of marihuana. Proceeding dismissed on the merits, without costs or disbursements. Petitioner seeks to compel the respondent to amend the indictment charging criminal possession of marihuana in the third and fourth degrees to charge only a lesser included offense thereof. He has no right to this relief (see *People v Maier,* 72 AD2d 754) and therefore the proceeding must be dismissed (see *Matter of Association of Surrogates & Supreme Ct. Reporters within City of N. Y. v Bartlett,* 40 NY2d 571, 574). Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.

■ In the Matter of DOMINIC TURDO, Petitioner, v ISAAC RUBIN, as Justice of the Supreme Court of the Ninth Judicial District of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to compel the respondent to accept the petitioner's plea of guilty to the offense of unlawful possession of marihuana in satisfaction of Indictment No. 78-00307-01, filed by the Grand Jury of Westchester County, which names petitioner as a defendant. Proceeding dismissed on the merits, without costs or disbursements. In *People v Turdo* (74 AD2d 614) we reinstated the entire indictment against petitioner. We did not, and indeed could not, reduce the crime charged to a lesser included offense (see CPL 210.20, subd 1, par [b]; *People v Maier,* 72 AD2d 754). Petitioner is not entitled, as a matter of right, to plead guilty to a lesser included offense of the crime charged (see CPL 220.10, subd 3). Relief in the nature of mandamus will not lie where the petitioner has no legal right to the relief sought (CPLR 7803, subd 1; *Matter of Association of Surrogates & Supreme Ct. Reporters within City of N. Y. v Bartlett,* 40 NY2d 571, 574). Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.