■ VALLEY LEASING, INC., Respondent, v PENFIELD COUNTRY CLUB, Appellant. — Order unanimously reversed, on the law, with costs, motion granted and complaint dismissed. Memorandum: Plaintiff's complaint alleging a lease agreement with one Richard Howell, Jr., the former golf professional at defendant country club, is insufficient to state a cause of action against the club. Nor does the fact that the club used and paid for the carts for some period of time after Howell's employment at the club terminated constitute a ratification of the agreement. Furthermore, there has been no showing nor has plaintiff alleged in its complaint that in entering into the lease agreement, Howell was acting as an agent for defendant club. (Appeal from order of Supreme Court, Monroe County, Curran, J. — breach of contract.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Schnepp, JJ.

■ MARGARET H. PARR, as Executrix of SIDNEY T. PARR, JR., Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 58995.) — Judgment unanimously affirmed, without costs, for the reasons stated at the Court of Claims, Moriarty, J. (Appeal from judgment of Court of Claims — negligence.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Schnepp, JJ.

■ JOSEPH R. KLONOWSKI, Appellant, v DEPARTMENT OF FIRE OF CITY OF AUBURN et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: In order for petitioner to prevail in this CPLR article 78 proceeding in the nature of mandamus, his right to the benefits sought " 'must be so clear as not to admit of reasonable doubt or controversy' " (*Matter of Association of Surrogates & Supreme Ct. Reporters within City of N. Y. v Bartlett*, 40 NY2d 571, 574). Respondents' affidavit alleged that petitioner voluntarily retired effective May 11, 1978, that he was not disabled at that time and that he consequently is not entitled to supplemental wage benefits. Inasmuch as petitioner failed to reply to those allegations, they must be deemed admitted (CPLR 7804, subd [d]). Since petitioner voluntarily retired, he waived any benefits to which he might have been entitled under section 207-a of the General Municipal Law (*Matter of Weber v Department of Fire of City of Syracuse*, 54 AD2d 164). (Appeal from judgment of Supreme Court, Cayuga County, Provenzano, J. — art 78.) Present — Simons, J. P., Callahan, Doerr, Denman and Moule, JJ.