■ In the Matter of KENNETH GRIBETZ, as District Attorney of Rockland County, Petitioner, v HARRY EDELSTEIN, as Judge of the County Court, County of Rockland, Respondent. — Proceeding pursuant to CPLR article 78 seeking in effect to vacate a judgment of the County Court, Rockland County (Edelstein, J.), rendered June 24, 1982, against defendant James E. Pitt under Indictment No. 82-12, upon the ground that said judgment was predicated

upon respondent's unlawful order amending the said indictment. Petition granted, on the law, without costs or disbursements, sentences and order vacated, and case remitted to the County Court, Rockland County, for further proceedings upon the plea of guilty which defendant entered to the indictment as returned by the Grand Jury. On January 22, 1982, a four-count indictment was returned in Rockland County jointly charging defendant James E. Pitt and two others, *inter alia,* with burglary in the second degree in violation of subdivision 2 of section 140.25 of the Penal Law. On May 19, 1982, the defendant Pitt pleaded guilty to the entire indictment upon a conditional sentence promise of a term of from 3½ to 7 years. By notice of motion dated May 27, 1982, the defendant Pitt moved for an order dismissing the count of the indictment charging burglary in the second degree and substituting in its place a charge of burglary in the third degree. The defendant alleged that the Legislature's action in reclassifying a daytime burglary of a dwelling as a violent class C felony — and thereby eliminating the distinction between daytime and nighttime burglary — violated due process as well as the constitutional proscription against cruel and unusual punishment. On June 24, 1982, over the petitioner's objection, the repondent granted the motion and amended the first count of the indictment to read burglary in the third degree. Thereafter, on the same day, respondent sentenced defendant Pitt to a term of imprisonment of from 3½ to 7 years on the charge of burglary in the third degree. The petitioner subsequently commenced this proceeding in order to challenge the respondent's power to amend the indictment. The threshold issue is whether an article 78 proceeding will lie in these circumstances. We hold in the affirmative. It has long been settled that the extraordinary remedy of prohibition may be employed where a court "exceeds its authorized powers in a proceeding over which it has jurisdiction" (*Matter of State of New York v King,* 36 NY2d 59, 62; see, also, *Matter of Nigrone v Murtagh,* 36 NY2d 421, 423-424; *Matter of Roberts v County Ct. of Wyoming County,* 34 NY2d 246, 248; *Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15, 18). Even in such circumstances, however, prohibition is not mandatory but may issue in the sound discretion of the court (see, e.g., *Matter of Hogan v Court of Gen. Sessions of County of N. Y.,* 296 NY 1, 8). Among the important factors to be considered by the court in deciding whether to exercise that discretion is whether the excess of power "can be adequately corrected on appeal or by other ordinary proceedings at law or in equity" (*La Rocca v Lane,* 37 NY2d 575, 579). In the case at bar, the petitioner asserts that the respondent has exceeded his authorized powers in the criminal action before him. We agree. Prior to trial, a court may not "amend" an indictment by reducing a charge contained therein to one of lesser degree (see, e.g., *Matter of Turdo v Rubin,* 77 AD2d 608; *People v Maier,* 72 AD2d 754; *Matter of Cosgrove v Kubiniec,* 56 AD2d 709). Thus, the respondent exceeded his jurisdiction in the matter before him. Moreover, since the right to appeal is statutory (*People v Zerillo,* 200 NY 443, 446), and since we find that the petitioner has no right under the applicable provisions of the Criminal Procedure Law to appeal from the respondent's action, we deem the remedy of prohibition appropriate in the circumstances at bar (see *Matter of Cosgrove v Kubiniec, supra*). Accordingly, the respondent is enjoined from enforcing his order, and we vacate the sentences imposed and remit the matter to the County Court for further proceedings upon the plea of guilty which defendant entered to the indictment as returned by the Grand Jury. Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.