■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLYDE HILL, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Lonschein, J.), dated September 8, 1981 as amended January 12, 1982, which dismissed, with leave to re-present, Indictment No. 1990/81, charging defendant with criminal possession of a weapon in the third degree and menacing. Order, as amended, reversed, on the law, indictment reinstated and matter remitted to the Supreme Court, Queens County, for further proceedings. The evidence against defendant before the Grand Jury was primarily direct evidence, to wit, the testimony of the complainant, and defendant's admissions. Complainant testified that defendant encountered him in the Rochdale Village Mall, and threatened him with a gun. Complainant immediately reported the incident to the police. When the police arrested defendant, the gun was not found on his person, but, rather, in the general vicinity where he was arrested. Defendant admitted, however, that he carried the gun for protection. There was some evidence that he was a security guard at the Rochdale Village Mall. Therefore, the Grand Jury was instructed that possession of a loaded firearm at one's home or place of business does not constitute criminal possession of a weapon in the third degree. The Grand Jury was not instructed with respect to circumstantial evidence. Criminal Term dismissed the indictment because the Grand Jury was not instructed "concerning circumstantial evidence". In cases where the proof is purely circumstantial, " ' "the facts from which the inference of the defendant's guilt is drawn must be established with certainty — they must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis" ' " (see *People v Barnes,* 50 NY2d 375, 380), but this standard does not apply where there is both direct and circumstantial evidence of defendant's guilt (*People v Barnes, supra,* p 380). Therefore, instructions "concerning circumstantial evidence" were neither necessary nor appropriate in this case (CPL 190.25, subd 6; see *People v Calbud, Inc.,* 49 NY2d 389, 394-395; *People v Barnes, supra*). The defendant alleges that the evidence before the Grand Jury was only sufficient to support a lesser included offense of criminal possession of

a weapon in the third degree. The law is well settled, however, that "[t]he court may dismiss * * * only if the evidence presented to the Grand Jury is insufficient to sustain either the charge itself or a lesser included offense thereof" (see *People v Maier,* 72 AD2d 754; CPL 210.20, subd 1, par [b]). Therefore, the order appealed from should be reversed, and the indictment reinstated. Titone, J. P., Lazer, Gibbons and Thompson, JJ., concur.