■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH DEEGAN, Respondent.—Appeal by the People from an order of the County Court, Suffolk County (Vaughn, J.), dated August 26, 1984, which dismissed the indictment against the defendant on the ground that it was not supported by legally sufficient evidence.

Order affirmed.

As the People failed to demonstrate by nonhearsay evidence the existence of a joint criminal venture, the court was correct in refusing to apply the declaration by a coconspirator in furtherance of the conspiracy exception to the hearsay rule (see, People v Berkowitz, 50 NY2d 333). The People also failed to establish the necessary reliability to warrant the use of the exception to the hearsay rule based upon declarations against penal interest (see, People v Maerling, 46 NY2d 289, 298).

Accordingly, the County Court properly excluded those statements in determining the sufficiency of the evidence.

The nonhearsay evidence in this matter is wholly circumstantial, and must therefore meet the "moral certainty" standard in order for the indictment to stand *(see, People v Hill,* 90 AD2d 835). In the instant case, however, the evidence was susceptible of an innocent interpretation, i.e., that the alleged bribe giver was merely a successful lobbyist, and some of his constituents later decided to support the defendant in his bid for reelection. Under these circumstances, the indictment was properly dismissed. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.