In the Matter of WILLIAM MURPHY, Individually and as President, New York Court Clerks Association, et al., Respondents, v ROBERT J. SISE, as Chief Administrative Judge of the Unified Court System of the State of New York, Appellant, et al., Respondent. (Proceeding No. 1.)

In the Matter of ANTHONY AMARANTE et al., Respondents, v ROBERT J. SISE, as Chief Administrative Judge of the Unified Court System of the State of New York, Appellant. (Proceeding No. 2.)

Third Department, June 11, 1987

---

### APPEARANCES OF COUNSEL

*Michael Colodner (Kenneth Falk* and *John Eiseman* of counsel), for appellant.

*Dretzin & Kauff, P. C. (Adam Blumenstein* of counsel), for William Murphy and others, respondents.

*Francis L. Giordano* for Anthony Amarante and others, respondents.

### OPINION OF THE COURT

MIKOLL, J.

On October 1, 1964, nonjudicial court employees became entitled to accrue annual leave allowances up to a maximum of 27 days per year *(see,* 22 NYCRR former 24.4). Prior to this date, the Supreme Courts in New York, Bronx, Kings and Queens Counties and the Appellate Divisions in the First and Second Departments had operated on a reduced schedule between Christmas and New Year's Day. Employees had been receiving four days of nonchargeable leave during this Christmas recess period under the reduced schedule. The practice continued until 1972. After 1972, although the Christmas recesses continued, employees were no longer given nonchargeable leave.* Consequently, certain court employee organizations filed grievances pursuant to the grievance procedure set forth in 22 NYCRR part 23 claiming that their members were entitled to four additional leave days in lieu of the nonchargeable leave time they had been receiving prior to 1972.

The grievance procedure resulted in a ruling by the Employee Relations Review Board (Review Board) against the

---

* In Queens County, the nonchargeable leave practice continued until 1975.

grievants. However, the Review Board also determined that if Christmas recesses occurred in 1973, then the grievants should be permitted to take the time off as nonchargeable leave. Litigation ensued challenging the Review Board's authority to pass on post-1972 Christmas recesses. This litigation led to a Court of Appeals decision which held that the question of Christmas recesses subsequent to 1972 was not part of the record before the Review Board and therefore the Review Board was without authority to decide that issue (*Matter of Association of Surrogates & Supreme Ct. Reporters within City of N. Y. v Bartlett,* 40 NY2d 571).

In 1977, new grievances were filed by 4 of the 5 employee organizations that commenced the initial grievance. The new grievance asserted that the revocation of nonchargeable leave from 1973 to 1977 was impermissible and sought the retroactive recrediting of four days of leave time per year for each affected employee. Ultimately, the Review Board ruled in favor of these grievants.

The Review Board found that the Appellate Divisions in the First and Second Departments had permitted the leave practices to continue after the adoption of the time and leave rules in 1964. However, it rejected the grievants' contention that those employees hired after October 1, 1964 were also entitled to the benefits of the past practices even though they had enjoyed the benefits up until 1973. The Review Board therefore limited its decision to those "affected employees who were incumbents as of October 1, 1964".

Subsequently, the Office of Court Administration (OCA) issued a memorandum implementing the Review Board's decision. The memorandum specifically stated, however, that the decision included only those employees in the Supreme Court who were represented by the four organizations that were parties to the 1977 grievance proceeding.

As a result of the memorandum, three CPLR article 78 proceedings were instituted, only two of which are involved in this appeal. Petitioners in proceeding No. 1 are the presidents of the four 1977 grievant employee organizations. Respondents are Robert J. Sise, as then Chief Administrative Judge (hereinafter respondent), and George Nicolau, as Chairman of the Review Board. The first cause of action alleged that the Review Board incorrectly limited its decision to only those employees who were incumbents on October 1, 1964. The second cause of action alleged that even if the Review Board's

decision was correct, it should have been applied to those employees "who were incumbents in the unified court system in New York City prior to October 1, 1964 in branches other than Supreme Court".

None of the petitioners in proceeding No. 2 were parties to the 1977 grievance. Proceeding No. 2 was commenced solely against respondent by nine individuals who alleged that they were employees of the Supreme Court in Kings County prior to October 1, 1964 and therefore entitled to the benefit of the Review Board's decision.

The three proceedings were heard together in Supreme Court, New York County. In proceeding No. 1, upon motion, Supreme Court dismissed the first cause of action as untimely and the entire proceeding against Nicolau as untimely. However, the court granted the petition as to the second cause of action and, in proceeding No. 2, granted the petition in its entirety. In effect, Supreme Court's decision permitted those individuals who were incumbents in any branch of the courts prior to October 1, 1964 to benefit from the Review Board's decision even though they had not actually participated in the 1977 grievance. Respondent appealed and the appeals were transferred to this court by order of the First Department.

Insofar as they relate to OCA, the judgments of Supreme Court should be reversed, OCA's determination confirmed and the petitions dismissed. Supreme Court erroneously ruled that OCA abused its discretion in limiting the Review Board's decision to only those Supreme Court employees represented in the 1977 grievance. Petitioners in these mandamus proceedings have failed to establish the requisite clear legal right to the relief sought (see, Matter of Sullivan v Siebert, 70 AD2d 975; see also, Matter of Kousoulas v Colello, 97 AD2d 765). They have not carried their burden of demonstrating that OCA's determination was arbitrary and capricious (see, Matter of Grossman v Rankin, 43 NY2d 493). Additionally, it appears that Supreme Court applied an incorrect standard of review, a standard appropriate for reviewing a discretionary administrative decision as opposed to a ministerial act (see, Matter of Schmidt & Sons v New York State Liq. Auth., 73 AD2d 399, affd 52 NY2d 751).

Respondent's contention that the Review Board's decision should not inure to the benefit of those who did not participate in the 1977 grievance, is persuasive. In the grievance procedure (see, 22 NYCRR 23.4, 23.5), the parties jointly

submitted a stipulation that related only to the Christmas recess practices of the Appellate Divisions in the First and Second Departments and the Supreme Courts in New York, Bronx, Kings and Queens Counties. Additionally, on appeal, the Review Board in its decision specifically stated that it had reviewed the Christmas leave practices of: "all courts *involved in this controversy* (the Supreme Courts of Manhattan, the Bronx, Kings and Queens Counties, as well as the Appellate Divisions, 1st and 2nd Departments)" (emphasis supplied).

Concerning proceeding No. 2, it is clear that petitioners in that proceeding did not participate in the 1977 grievance. To permit them to now benefit from the Review Board's decision would convert what is essentially an individual grievance procedure in 22 NYCRR part 23 into a class action.

Concerning petitioners in proceeding No. 1, there was no evidence adduced as to the Christmas leave practices of courts other than Supreme Court. Petitioners' conclusory assertion that there are no differences between the facts in their situations and those in the Supreme Court cases involved is not supported in the record.

Supreme Court also improperly concluded that *Matter of Association of Surrogates & Supreme Ct. Reporters within City of N. Y. v Bartlett* (40 NY2d 571, *supra)* does not support respondent's claims. There, the Court of Appeals determined that if an issue was not before the Review Board, then the latter was without authority to make a ruling with respect to that issue. In like manner the Review Board, in the 1977 grievance, was not faced with the issue of nonchargeable Christmas leave practices in courts other than Supreme Court.

Petitioners' contention that they amended their claim in the 1977 grievance proceeding to include all nonjudicial employees within the First and Second Departments is also not supported by the record. Petitioners never requested nor were they granted leave to amend their claim to cover employees outside of Supreme Court.

Nor do the doctrines of res judicata (claim preclusion) or collateral estoppel (issue preclusion) operate in these circumstances to include petitioners in both proceedings in the Review Board's first decision. Petitioners were not parties to the 1977 grievance and, thus, the issue is whether the doctrine of collateral estoppel is applicable. In the instant proceedings there was no second action or proceeding. They did not commence a second grievance proceeding seeking to in-

voke the claim that the issue decided in the first applied to the second. The doctrine of collateral estoppel is therefore inapplicable *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500-501; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71).

MAIN, J. P., YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Judgment entered March 3, 1986 reversed, on the law, without costs, determination confirmed and petition dismissed.

Judgment entered March 28, 1986 modified, on the law, without costs, by reversing so much thereof as partially granted the petition; determination confirmed and petition dismissed in its entirety; and, as so modified, affirmed.