■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN RENNA et al., Respondents.—Order unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: The court correctly determined that the evidence before the Grand Jury was legally insufficient to support two counts of aggravated sexual abuse (Penal Law § 130.70). Defendants were charged with two counts of aggravated sexual abuse, on an accessorial liability theory, for allegedly inserting a foreign object into the victim's vagina and rectum. The evidence before the Grand Jury was that the alleged foreign object was the fist of one of the defendants. A "foreign object" is defined as "any instrument or article which, when inserted in the vagina, urethra, penis or rectum, is capable of causing physical injury" (Penal Law § 130.00 [9]). The statute as written is intended to prohibit the use of detached, inanimate objects and, therefore, a fist is not a "foreign object" as contemplated by the statute *(People v Peet,* 101 AD2d 656, *affd for reasons stated* 64 NY2d 914; *People v Cicciari,* 107 Misc 2d 733; sponsor's mem, 1978 NY Legis Ann, at 399; Hechtman, Practice Commentary, McKinney's Cons

Laws of NY, Book 39, 1987 Supp Pamph, Penal Law § 130.70, at 564).

The court erred by reducing the two counts of aggravated sexual abuse to sexual abuse in the first degree. If the evidence is not legally sufficient to support the crime charged, but is sufficient to support any lesser included offense, the court may not dismiss the count (CPL 210.20 [1] [b]; *People v Lancaster,* 114 AD2d 92, 95, *affd* 69 NY2d 20, *cert denied* — US —, 107 S Ct 1383; *People v Maier,* 72 AD2d 754; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY; Book 11A, CPL 200.70, at 523). However, sexual abuse in the first degree, which contains an intent element, is not a proper lesser included offense of aggravated sexual abuse, to which determination of intent is not relevant *(see, People v Green,* 56 NY2d 427, *rearg denied* 57 NY2d 775; *cf., People v Wheeler,* 67 NY2d 960). By reducing the counts, the court has charged defendants with crimes for which they were not indicted. The court's action cannot be condoned as an amendment to the indictment, because it substantially alters the prosecution's theory of the case (CPL 200.70 [2]). Therefore, the order is modified to delete the second ordering paragraph, without prejudice to the People resubmitting appropriate charges to another Grand Jury. (Appeal from order of Niagara County Court, DiFlorio, J.—dismiss indictment.) Present—Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.