■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM PERDUE, Respondent.—Order unanimously reversed on the law, motion denied, and indictment reinstated. Memorandum: The People appeal from an order dismissing an indictment that charged defendant with one count of robbery

in the third degree (Penal Law § 160.05) and one count of grand larceny in the third degree (Penal Law former § 155.30 [6]). County Court, after reviewing the Grand Jury minutes, concluded that the evidence before the Grand Jury was legally insufficient to establish the offenses charged. The People assert that the evidence was sufficient to sustain the robbery count and, while conceding that the evidence was insufficient to support the count of grand larceny, contend it is sufficient to sustain the lesser included offense of petit larceny (Penal Law § 155.25). We agree.

The testimony before the Grand Jury shows that shortly before 9:00 A.M. on October 27, 1984, Paula Hallowell parked her car in the parking lot of the Southtown Plaza. As Ms. Hallowell was leaving her car, defendant grabbed her by the arm and, although he talked irrationally at times, he clearly demanded money from her twice. After indicating to defendant that she would get him as much money as she could, Ms. Hallowell proceeded to walk with defendant toward the Plaza. She then attempted to separate herself from defendant by walking faster. Defendant became annoyed, struck Ms. Hallowell with the cane he was carrying, and demanded that she walk with him. As Ms. Hallowell walked toward the Plaza with defendant, she began digging through her purse for money and gave defendant $1.35. Upon reaching the Plaza door, defendant again grabbed her and stated that she had not given him enough money, and demanded $20. Ms. Hallowell said that she would get the money if he would let her go into the store. Defendant released her and she ran into the Plaza to safety.

On a motion to dismiss an indictment for insufficiency of the evidence before the Grand Jury, the court must view the evidence in a light most favorable to the People and determine whether the People have presented a prima facie case, that is, whether they have presented evidence which, if accepted as true, would establish every element of the offense and defendant's commission thereof. All questions as to the quality or weight of the proof must be deferred until trial (People v Jennings, 69 NY2d 103, 114-115). Here, viewing the evidence in a light most favorable to the People, we disagree with County Court that the evidence did not establish the necessary elements of the crime of robbery, including the element of a taking by force or threat of force (see, Penal Law § 160.00; People v Woods, 41 NY2d 279).

Although the evidence was insufficient to support the grand larceny count, that count must also stand because the evi-

dence was sufficient to establish the lesser included offense of petit larceny *(see, People v Renna,* 132 AD2d 981 [decided July 10, 1987]; *People v Maier,* 72 AD2d 754). (Appeal from order of Monroe County Court, Connell, J.—dismiss indictment.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.