■ IRVING SCHACHTER, Appellant, v NATHAN QUINONES, as Chancellor of the New York City Board of Education, Respondent

The record reveals that the petitioner commenced the instant proceeding to compel the respondent to perform numerous acts with respect to the resolution of the petitioner's administrative appeal from a determination denying his Freedom of Information Law request for access to certain documents. Contrary to the petitioner's present contentions, the Supreme Court, Kings County, properly dismissed the proceeding. It is well settled that a proceeding in the nature of mandamus to compel "lies only where there is a clear legal obligation to perform the official act sought to be compelled" (*Matter of County of Nassau v Heine*, 80 AD2d 640, *lv denied* 53 NY2d 607; *see, Matter of Burr v Voorhis*, 229 NY 382; *Matter of Lisa v Board of Elections*, 83 AD2d 949). The acts which the petitioner seeks to compel the respondent to perform in this case are not duties enjoined upon the respondent by law; hence, the petitioner has failed to establish a legal right to the relief sought (*see, e.g., Matter of Turdo v Rubin*, 77 AD2d 608).

Insofar as the petitioner presently challenges the validity of the verification of the respondent's answer to the petition, we merely note that verification of a pleading may be made on behalf of a public officer "by any person acquainted with the facts" (CPLR 3020 [d] [2]). In any event, the petitioner has waived any challenge to the sufficiency of the verification by failing to use due diligence in notifying the opposing counsel of his apparent intention to treat the pleading as a nullity (*see*, CPLR 3022; *see, e.g., Ames Dept. Stores v Assessor of Town of Evans*, 126 AD2d 990; *Matter of Ames Dept. Stores v Assessor of Town of Concord*, 102 AD2d 9; *Matter of Lentlie v Egan*, 94 AD2d 839, *affd* 61 NY2d 874). Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.