(July 14, 1988)

■ YONKERS CONTRACTING COMPANY, INC., Respondent, v

STATE OF NEW YORK, Appellant. (Claim No. 75625.)—Order of the Court of Claims, State of New York (Louis C. Benza, J.), entered on August 3, 1987, which granted the motion by claimant Yonkers Contracting Company, Inc. to file a late claim, is affirmed, without costs or disbursements.

Order of the Court of Claims, State of New York (Louis C. Benza, J.), entered on October 2, 1987, in which the court amended its prior order to permit claimant to file its claim within 30 days of notice of entry of the latter order, is affirmed, without costs or disbursements.

The facts of this case have been aptly set forth in the dissenting opinion. Moreover, we agree with the dissent's reasoning and conclusion that the six-month limitation period prescribed in section 145 of the State Finance Law applies to the instant action and, therefore, that the Court of Claims was in error to the extent that it held otherwise. We depart from the view expressed by the dissent, however, insofar as it finds that the discretion vested in a Court of Claims Judge to permit the filing of a late claim or notice of intention is not applicable. In that regard, it is clear that in situations such as the instant one, the time limitation provided in State Finance Law § 145 supersedes that specified in subdivision (4) of section 10 of the Court of Claims Act. Pursuant to Court of Claims Act § 10 (4): "A claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a clam therefor in which event the claim shall be filed within two years after such accrual."

Section 145 of the State Finance Law states that "[a]ny provision of subdivision four, section 10 of the court of claims act to the contrary notwithstanding, an action founded upon such statement of claim shall be filed within six months after the mailing of the final payment." Thus, an action governed by State Finance Law § 145 must be brought within the mandatory six-month period. The alternative two-year limitation period authorized in Court of Claims Act § 10 (4) for a claimant who files a written notice of intention to file a claim is, consequently, not available where State Finance Law § 145 is involved. The dissent believes that because section 145 of the State Finance Law herein takes precedence over section 10 (4) of the Court of Claims Act, it follows that subdivision (6) of section 10 of the Court of Claims Act is also inapplicable.

Yet, we perceive no basis for construing a statute which refers solely to subdivision (4) of section 10 in such a manner as would divest a Court of Claims Judge of the discretion to grant, in appropriate circumstances, an extension of time in which to file a late claim or notice of intention. Certainly, nothing in State Finance Law § 145 precludes the Court of Claims from exercising its authority under subdivision (6) of section 10. If the Legislature had intended to curtail or eliminate the discretion of a Court of Claims Judge in those instances in which State Finance Law § 145 is involved; it would have been a simple matter for section 145 to read "any provision of subdivisions four and six, section 10 of the court of claims act to the contrary notwithstanding". Yet, the statute only makes mention of subdivision (4) of section 10. As for the issue of whether the claimant in the present matter was properly allowed to file a late claim, an examination of the record supports the court's determination that a preponderance of the factors to be considered in deciding a motion pursuant to Court of Claims Act § 10 (6) "weigh heavily in movant's favor." Accordingly, an affirmance of the orders appealed from is warranted. Concur—Murphy, P. J., Carro, Asch and Milonas, JJ.

Sandler, J., dissents in a memorandum as follows: The question presented is whether or not an action for delay damages arising out of a public construction contract, which was commenced almost nine months after mailing and acceptance of the final payment, is barred by the six-month period of limitation set forth with regard to construction contracts in section 145 of the State Finance Law. In my opinion, the six-month limitation set forth in section 145 clearly applies to bar the action under the undisputed circumstances set forth in the record.

The claimant, Yonkers Contracting Co., Inc. (Yonkers), entered into a public construction contract dated July 14, 1981 with the New York State Department of Transportation for the reconstruction of a deteriorated portion of the Henry Hudson Parkway in the City of New York. Originally scheduled for completion on August 31, 1984, the work was completed on April 25, 1985. Yonkers alleges that the delay was caused by contract breaches by the State, and seeks to recover damages in excess of $2 million attributable to such delay.

The contract between Yonkers and the State included the following provision, apparently a standard clause in Department of Transportation contracts: "109-14 ACCEPTANCE OF FINAL PAYMENT. The acceptance by the Contractor, or by

anyone claiming by or through him, of the final payment shall constitute and operate as a release to the State from any and all claims of any liability to the Contractor for anything theretofore done or furnished for or relating to or arising out of the work done thereunder, and for any prior act, neglect, or default on the part of the State or any of its officers, agents, or employees unless the Contractor serves a detailed and verified statement of claim upon the Department of Transportation not later than 40 days after the mailing of such final payment. Such statement shall specify the items and details upon which the claim will be based and any such claim shall be limited to such items. Should the Contractor refuse to accept the final payment as tendered by the Comptroller, it shall constitute a waiver of any right to interest thereon."

In turn, section 145 of the State Finance Law, whose construction gives rise to the issue on this appeal, provides in pertinent part as follows: "No provision contained in a construction contract awarded by any state department or agency shall bar the commencement of an action for breach of contract on the sole ground of the contractor's acceptance of final payment under such contract provided that a detailed and verified statement of claim is served upon the public body concerned not later than forty days after the mailing of such final payment. The statement shall specify the items upon which the claim will be based and any such claim shall be limited to such items. Any provision of subdivision four, section ten of the court of claims act to the contrary notwithstanding, an action founded upon such statement of claim shall be filed within six months after the mailing of the final payment."

It is undisputed that the State mailed final payment to Yonkers for its work under the contract on August 22, 1986, and that Yonkers deposited the check; that Yonkers filed a validated statement of claim with the Department of Transportation on September 30, 1986, less than 40 days after the mailing of the final payment, and thus complied both with the provisions of the contract and section 145 of the State Finance Law; and that Yonkers did not commence this action "within six months after the mailing of the final payment." Instead, on May 20, 1987, almost nine months after the August 22, 1986 mailing of final payment, Yonkers moved for permission to file a late claim pursuant to subdivision (6) of section 10 of the Court of Claims Act. The State opposed the motion on the ground that the action was barred by the six-month limitation period set forth in State Finance Law § 145.

In granting Yonkers' motion for permission to file a late claim, the Court of Claims observed that contract section 109-14, quoted above, "provides that acceptance of the final payment by the contractor operates as a release to the State from all claims of liability unless the contractor serves a detailed and verified statement of claim upon DOT not later than forty days after the mailing of such final payment. The Court finds that section 145 does not apply in this instance as standard specification section 109-14 does not provide that acceptance of the final payment unequivocally operates as a waiver of claims against the State. This provision of the contract operates as a release to the State only if the verified statement is not filed within forty days. Section 145 only applies when the contract states that acceptance of the final payment is a complete bar to any claim against the State."

Although not without technical plausibility as a surface reading of section 145, I think it clear upon analysis that the interpretation adopted by the Court of Claims fundamentally misinterprets the intent and meaning of the section.

The reason for the adoption of section 145 of the State Finance Law, important to an understanding of the issue presented on this appeal, was set forth in *Strain & Son v State of New York Health & Mental Hygiene Facilities Improvement Corp.* (57 AD2d 211). At issue in *Strain (supra,* at 213) was a contractual provision, apparently then standard for such agencies in public construction contracts, which provided in unqualified terms that " 'acceptance * * * of the last payment * * * shall * * * operate as a release * * * from all claim and liability to the contractor'." The court observed in *Strain (supra,* at 213) that section 145 of the State Finance Law was adopted "in recognition of the inequity of requiring a contractor who wishes to assert a claim against the State or a department or agency thereof, to indefinitely forego final payment of amounts conceded to be due." Thus, the Legislature provided that, notwithstanding a contractual provision barring any action in a construction contract on the sole ground of the contractor's acceptance of final payment, such an action shall be permitted if a contractor served upon the public body "a detailed and verified statement of claim * * * not later than forty days after the mailing of such final payment", and on the further condition that "an action founded upon such statement of claim shall be filed within six months after the mailing of the final payment." (State Finance Law § 145.)

From this background it is apparent that the Department of

Transportation undertook to conform its standard provision with regard to consequences of the acceptance by a contractor of a final payment to the policy set forth in section 145, and it is understandable why such an adjustment was made. State agencies surely would be open to serious criticism if they were to insist that contractors agree that acceptance of final payment bars an action in the face of the legislative determination that such an action survives acceptance of final payment if the prescribed statement of claim is filed within 40 days. It cannot seriously be urged that the Department of Transportation intended by the revised language to waive the six-month statutory limitation set forth in section 145, and it is extremely doubtful that any contractor would attribute such a meaning to the inclusion in the standard provision of the 40-day claim language.

The untenable character of the statutory construction adopted by the Court of Claims becomes apparent when we consider the paradoxical nature of the results which would follow from it. If in this case the Department of Transportation had adhered to the previously worded standard clause, and had insisted that the contractor agree that any claim following acceptance of final payment is barred contrary to the legislative policy set forth in section 145, the action would be deemed barred by the six-month period of limitations. In conforming its standard provision to the clearly expressed policy of the Legislature, the Court of Claims held that the Department of Transportation thereby lost the benefit of the six-month limitation period specifically imposed by the Legislature as part of its effort to achieve fairness in the situation. A statutory construction that would yield so absurd a result cannot be right.

Once it is accepted that the six-month limitation period set forth in section 145 of the State Finance Law applies to this action, it follows that the discretion vested in the Court of Claims by subdivision (6) of section 10 of the Court of Claims Act to permit late filing of a claim or notice of intention is inapplicable. With respect, the contrary conclusion reached in the court's memorandum opinion seems to me as palpable a misinterpretation of section 145 and its obvious intent as that adopted by the Court of Claims, which the court's memorandum opinion properly disapproves.

Subdivision (6) in essence vests the court with discretion to excuse in appropriate circumstances the failure of a claimant to file a claim or notice of intention in accordance with the provisions of other subdivisions of section 10, and to extend

the period of time in which such a claim or notice may be filed until the tim ich a claim could be asserted against a private citizen unde. ᴄᴘLR article 2. Subdivision (4) of section 10, relating to actions for breach of contract, provides in turn with regard to claims for such breach, that they "shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual." But as we have seen, section 145, in providing that an action founded upon the detailed and verified statement of claim prescribed in the section "shall be filed within six months after the mailing of the final payment", specifically struck down "[a]ny provision of subdivision four, section ten of the court of claims act to the contrary notwithstanding".

It would be a palpable misconstruction of section 145 of the State Finance Law to conclude that the six-month limitation period, part of a structured effort to specify carefully limited circumstances under which a contractor could sue after accepting final payment notwithstanding his contractual agreement not to do so, was intended to be subject to the discretionary power of the Court of Claims to excuse failures to file timely claims or notices of intention to file claims under a subdivision of section 10 of the Court of Claims Act specifically made inapplicable under the presented circumstances by section 145.

Under the interpretation adopted in the court's memorandum opinion, with the single exception of that part of subdivision (4) of section 10 that authorizes a written notice of intention to file a claim, an action against the State or a State agency by a contractor who has accepted final payment under a public construction contract which precludes the commencement of an action after such acceptance is treated precisely the same with regard to the period of limitations as any other contract action brought in the Court of Claims against the State or a State agency.

The explicit, unambiguous direction in section 145 that such an action "shall be filed within six months after the mailing of the final payment" in order to overcome a contractual waiver of the right to bring such a claim is transformed mystifyingly into the equivalent of the filing of a claim under subdivision (4) of section 10 of the Court of Claims Act which is not concerned with contractual waivers of the right to bring such claims; section 145 of the State Finance Law somehow vanishes into subdivision (4) of section 10 of the Court of Claims

Act; and the explicit period of limitations set forth in section 145 is thus made subject to the discretionary power of a Court of Claims Judge to extend that six-month period until the time authorized under the applicable limitations period in the CPLR, which in a contract case is, of course, six years. The statute whose requirement of a detailed verified statement of claim within 40 days was surely intended to discharge the function otherwise served by the claim provisions of subdivision (4), and which was to be followed by a flat six-month period of limitations, is somehow interpreted as though it provides for two claim provisions—the first a detailed verified statement of claim to be served within 40 days, and the second the provision for filing under subdivision (4). A statutory section which in unqualified terms limits the period in which an action may be commenced to six months after mailing of the final payment in order to avoid a contractual waiver of the right to bring a claim after acceptance of final payment is construed as though this period of limitations was somehow intended to be subject to the discretionary power of a Court of Claims Judge to extend the period of limitations to six years.

In my opinion, the Legislature meant precisely what it said when it required that an action under the circumstances described in section 145 "shall be filed within six months", and nothing in the language of the statute, the circumstances of its adoption, and its manifest purpose provides any color of support for an interpretation which would permit a Court of Claims Judge, in the exercise of discretion clearly designed for very different kinds of claims, to extend and replace the specific period of limitations set forth therein with the six-year period set forth for contract actions in general in the CPLR.

Undeniably, under the facts set forth here the barring of the claim seems harsh and even unfair, but I should have thought it fundamental that such a judgment does not justify an appellate court in misinterpreting the plain meaning of unambiguous words to reach a result which could not have been intended by the Legislature, and which fundamentally alters the balanced result sought to be achieved by the Legislature in the specific kind of situation to which section 145 was addressed.

Accordingly, the order of the Court of Claims (Louis C. Benza, J.), entered August 3, 1987, granting claimant's motion to file a late claim under subdivision (6) of section 10 of the Court of Claims Act, should be reversed, and the motion to file a late claim should be denied.