■ In the Matter of ELAINE ROSEN, Appellant, v EVANS V. BREWSTER, Respondent.—In a proceeding pursuant to CPLR article 78 to compel Surrogate Evans V. Brewster, to reopen the estate of her father, Philip Rosen, on the grounds of fraud and conflict of interest, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered June 30, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The extraordinary remedy of mandamus does not lie to compel performance of a duty that is entirely discretionary *(Klostermann v Cuomo,* 61 NY2d 525, 539). It is available only "to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought" *(Matter of Legal Aid Socy. v Scheinmen,* 53 NY2d 12, 16), and the right to performance " 'must be so clear as not to admit of reasonable doubt or controversy' " *(Matter of Association of Surrogates & Supreme Ct. Reporters v Bartlett,* 40 NY2d 571, 574, quoting *Matter of Burr v Voorhis,* 229 NY 382, 387). The SCPA does not require that a Surrogate reopen an estate whenever a petition to reopen is brought. Such a determination is entirely discretionary. As the petitioner had no clear legal right to the relief sought, the extraordinary remedy of mandamus does not lie, and the petition was properly dismissed.

Further, the petitioner's request to reopen her father's estate was properly denied because she settled her claim to the estate in open court on July 20, 1987. She has presented no evidence whatsoever of the fraud that she alleges tainted the settlement of the estate. The mere fact that her father's second wife subsequently married the estate accountant does not, standing alone, constitute evidence of fraud. Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.