THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD B. STANDISH, Appellant.— Appeal from a judgment of conviction rendered at a Trial Term, County Court, Chenango County. We are required to reverse the judgment of conviction for sodomy on procedural grounds and direct a new trial although we are of the opinion that the evidence would sustain a conviction. The indictment on three counts charged three separate acts of sodomy. One count was on April 19, 1955 with one person; and the other two counts were for acts on April 14, 1955 with two separate persons, one of whom was the person involved on April 19. The proof in the record tended to show the crimes involving the two persons, i.e., attributed to April 14; but we are unable to find in the record any clear proof of the other crime involving one person alone. At the end of the case, therefore, the count charging the crime on April 19 should have been dismissed; but not only was this denied by the court but the three counts were explained to the jury in the Judge's instructions and the indictment as a whole submitted to them. A distinct request was made by counsel for defendant to the court to charge that there was "no evidence" of the crime charged in the indictment on April 19. This was refused. The verdict was "guilty as charged on two counts". This meant not guilty on one count. We are unable to tell whether the jury found the defendant guilty of the offense of April 19 and not guilty on one of those of April 14; or on what combination of any two counts the finding of guilty was

based. In this state of uncertainty of the verdict it is not possible adequately to review the judgment or to be sure of the basis of the judgment. A statement was taken by the police from the defendant while he was in custody which was marked as an exhibit. In this defendant did not admit the crimes charged, but admitted acts which the jury might consider as possibly bearing on whether such crimes had been committed. The defendant had not been arraigned before a magistrate without unnecessary delay and hence the voluntary nature of this statement was a question for the jury. The court prejudiced the fair consideration of the question of the voluntary nature of this statement by the jury by saying in the charge "It was taken by the troopers in investigating crimes. That is their duty to investigate crimes * * * to interview people * * * and there certainly should be no criticism of a public official as the District Attorney or the troopers who investigate a crime of this nature." We think it was permissible for one participant in an act of sodomy to corroborate the testimony of the participant in another act of sodomy. But if there was a unity in purpose and plan in both acts which concededly were committed at the same time and place, all actors might be held by the jury to have been accomplices and this ought to have been carefully explained to the jury in simple terms. There was not adequate presentation of this problem in the instructions. Judgment reversed, on the law and the facts, and a new trial ordered. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.