■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN DIVINE, Also Known as NORMAN DEVINE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 6, 1975, convicting him of criminal possession of a controlled substance in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed (see *People v Morales,* 37 NY2d 262; *People v Rivera,* 57 AD2d 936; see, also, *People v Lewis,* 57 AD2d 632). Mollen, P. J., Suozzi, Cohalan and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER GOTTI, Appellant.—Judgment of the Supreme Court, Queens County, rendered October 19, 1977, affirmed. We agree with the reasoning of Judge Rubin in her decision denying defendant's motion to suppress evidence. Hopkins, J. P., Titone, Suozzi and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN LEWIS, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered February 17, 1977, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal also brings up for review an order of the same court, dated September 21, 1976, which denied, without a hearing, defendant's motion to dismiss the indictment on the ground of prejudicial delay. Case remanded to the County Court for a hearing and a new determination on defendant's motion to dismiss the indictment upon the ground there had been prejudicial delay, and appeal held in abeyance in the interim. The mere claim by the District Attorney that the delay was caused by unsuccessful efforts to locate the defendant furnished an insufficient basis to deny, without a hearing, the motion to dismiss the indictment upon the ground of prejudicial delay, as a potential for prejudice to the defendant's rights appears and has been raised. This is especially true in narcotics cases with their concomitant on-going investigations (cf. *People v Charette,* 57 AD2d 594; *People v Townsend,* 38 AD2d 569). Martuscello, J. P., Rabin, Cohalan and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MAXWELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered July 28, 1976, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon his plea of guilty, and imposing sentence. Judgment affirmed (see *People v Dixon,* 29 NY2d 55; *People v Lowrance,* 41 NY2d 303; *People v Tinsley,* 35 NY2d 926; *People v Friedman,* 39 NY2d 463). Martuscello, J. P., Damiani, Titone and Shapiro, JJ., concur.