■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED LARK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 25, 1977, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The People candidly concede that defendant was denied a fair trial. However, the indictment is not jurisdictionally defective for failure to state the exact nature of the sexual misconduct charged (see *People v Jackson,* 46 NY2d 721; *People v Iannone,* 45 NY2d 589). Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN LEWIS, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered February 17, 1977, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal also brings up for review an order of the same court, dated September 21, 1976, which denied, without a hearing, defendant's motion to dismiss the indictment on the ground of prejudicial delay. By order dated February 6, 1978, this court remanded the case to the County Court for a hearing and a new determination on defendant's motion to dismiss the indictment and directed that the appeal be held in abeyance in the interim *(People v Lewis,* 61 AD2d 799). The court has now complied and rendered a decision in accordance therewith. Judgment affirmed. No opinion. Martuscello, J. P., Rabin, Cohalan and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH M., Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County, imposed August 9, 1978, upon his adjudication as a youthful offender, the sentence being an indeterminate term of imprisonment with a maximum of three years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a five-year period of probation and case remanded to Criminal Term to fix the terms and conditions of probation. The sentence was excessive to the extent indicated herein. Martuscello, J. P., Latham, Titone and Suozzi, JJ., concur.