■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK ORVILLE SETFORD, Appellant.—Appeal from a judgment of the Madison County Court, rendered June 21, 1978, upon a verdict convicting defendant of the crimes of sodomy in the second degree and sodomy in the third degree. Initially, defendant contends that the trial court erred in admitting proof of uncharged acts of sodomy, involving defendant and complainants, which occurred prior to and subsequent to the single incident upon which the two counts of the indictment were based. In our view, this evidence of

"the ongoing relationship and conduct between and among the parties involved, is relevant and permissible where the acts charged occur within the home and are open to question concerning defendant's disposition" *(People v Yonko,* 34 NY2d 825, 827; see, also, *People v Thompson,* 212 NY 249). Contrary to the suggestion in defendant's brief, there is no evidence that defendant's incestuous relationship with his daughters was anything other than ongoing and concensual, nor do the crimes with which defendant was charged require forcible compulsion. Accordingly, the cases cited by defendant are distinguishable. Next, defendant challenges the sufficiency of the factual allegations in the indictment. As noted by defendant, the indictment tracks the language of the statute in charging defendant with the crimes of sodomy in the third degree and sodomy in the second degree (Penal Law, §§ 130.40, 130.45) without describing the exact nature of the deviate sexual intercourse with which he was being charged. As in *People v Jackson* (46 NY2d 721, revg 60 AD2d 893), the indictment, although inartfully drawn, does contain all the elements of the crimes and, therefore, is not defective. Moreover, there was no motion to dismiss the indictment until defendant appeared for sentencing, and defendant does not contend that he was in fact unaware of the charges against him or that he was actually prejudiced by the alleged insufficiency. Accordingly, in light of *People v Iannone* (45 NY2d 589), defendant's challenge must be rejected as untimely. Finally, we also reject defendant's contention that the prosecutor's cross-examination of defendant and his character witnesses, together with certain comments made by the prosecutor during his summation, deprived defendant of a fair trial. In our view the cross-examination was a proper method of attacking the credibility of defendant and his character witnesses (see *People v Alamo,* 23 NY2d 630, cert den 396 US 879), and the summation, taken as a whole, did not deprive defendant of a fair trial (see *People v Hochberg,* 62 AD2d 239, 249-250). Judgment affirmed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.