■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TYRONE BURNS and WILLIAM NEWKIRK, Respondents. — Appeal by the People from an order of the Supreme Court, Kings County (Hayes, J.), dated June 26, 1979, which granted defendants' motions to set aside jury verdicts convicting them each of sexual abuse in the first degree. Order reversed, on the law, defendants' motions denied, verdicts reinstated and matter remitted to the Supreme Court, Kings County, for sentencing. The defendants' postverdict motions, pursuant to CPL 330.30 (subd 1), were based upon the alleged repugnancy of the verdicts, which acquitted the defendants of the counts of rape in the first degree (Penal Law, § 130.35, subd 1) and convicted them of the counts of sexual abuse in the first degree (Penal Law, § 130.65, subd 1). The trial court concluded that the acquittals of the counts of rape in the first degree were based upon the jury's failure to find that forcible compulsion was employed and, accordingly, since forcible compulsion is a necessary element of the crime of sexual abuse in the first degree, the jury verdicts, convicting the defendants of sexual abuse in the first degree, were in fact repugnant under the "negatived essential element" rule (see *People v Carbonell,* 40 NY2d 948; *People v Dercole,* 72 AD2d 318, 331-333, app dsmd 52 NY2d 959; *People v Belvin,* 47 AD2d 929; *People v Pierce,* 40 AD2d 581). We determine, however, that there was a rational basis for the verdicts in that the jury could have found that forcible compulsion was employed but penetration was not achieved, a necessary element of rape in the first degree. Such conclusion was within the province of the jury to make in this instance (see *People v Henderson,* 41 NY2d 233, 236; *People v Parks,* 41 NY2d 36, 47; *People v Haymes,* 34 NY2d 639, mot for rearg dsmd 36 NY2d 844, cert den 419 US 1003), and such finding of failure of penetration would not

have negatived any essential element of the sexual abuse charges. Gibbons, J. P., Gulotta, Cohalan and Bracken, JJ., concur.