■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES D. HAIRSTON, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered August 20, 1982, upon a verdict convicting defendant of the crime of sexual abuse in the first degree. ¶ Defendant contends that the trial record does not contain sufficient corroboration to find defendant guilty of the crime of sexual abuse in the first degree, that the

court committed reversible error in its instructions to the jury and in permitting testimony during the prosecutor's redirect examination of Investigator John Huyler, whose sole purpose was to rehabilitate the child's testimony. We disagree. ¶ Defendant was accused of sexually abusing his four-year-old daughter in December of 1979. The indictment alleged two acts of sexual abuse in one count. It was alleged that defendant had sexual contact with the child in that he placed his penis next to her vagina and placed a vibrator next to her vagina. Defendant was convicted as charged after a jury trial. Evidence consisted of testimony of defendant's now seven-year-old daughter, who testified to the allegations of the indictment. She testified that defendant did these things to her often. The child gave some of her testimony by way of drawings. She portrayed an oblong object, indicating that it made a whirring sound, it tickled and it had been placed at her vagina by defendant. ¶ In corroboration, the People presented David Matthews, a baby-sitter for the victim, who testified that he observed defendant kneeling on the bed in his bedroom over the child's prone and seminaked body with his penis exposed. Matthews testified about the incident and reported it to the police. No police action was taken; nor was the police complaint found regarding the matter for 1979. However, as a result of an anonymous complaint, an investigation into the matter began in 1981. It was then that the child told her mother of the incidents for the first time. ¶ Defendant's wife testified to the existence of a vibrator in defendant's apartment, which she claimed was kept in the nightstand in the bedroom shared by her with defendant, and that it was there when she left the residence in October, 1979. A vibrator was found on the premises on December 4, 1981 during a search conducted by the police. Patrick Patterson, a former investigator with the District Attorney's office, testified that when he interrogated defendant about what he knew of a white object his daughter had made reference to in a police interview, he replied that his wife kept a vibrator in the dresser next to the bed in the bedroom. Defendant denied ever having had sexual contact with his daughter. He alleged that his wife's boyfriend had "bothered" his daughter. He testified that he did not know of the vibrator's presence in the home until after the police search and that he had not indicated to Investigator Patterson its whereabouts beforehand. ¶ Section 130.16 of the Penal Law requires corroboration of the victim's testimony in prosecutions for sex offenses where the victim's lack of consent results solely from an incapacity to consent because of the victim's age, such as in the instant case. Corroboration must establish only that an attempt to engage the victim in sexual contact occurred and must connect defendant with the commission or attempted commission of the offense (Penal Law, § 130.16, subds [a], [b]). We find that the record sustains the conviction for sexual abuse in the first degree. Even though two acts of sexual abuse were alleged in one count and there was sufficient corroboration as to only one act, that of defendant placing his penis at the victim's vagina, sufficient proof was adduced to uphold the conviction since either act was sufficient to constitute a violation of section 130.65 of the Penal Law. ¶ We find no merit in the other issues raised by defendant. As to the claim that witness Huyler was improperly allowed on redirect examination to bolster the credibility of the victim's testimony, it must be noted that it was defense counsel himself who brought up the subject of Huyler's report on cross-examination. He thus opened the door to the prosecutor's line of questioning on redirect. Where only a part of a statement is drawn out on cross-examination, the other parts may be introduced on redirect examination for the purpose of explaining or clarifying the statement (*People v Melendez*, 55 NY2d 445, 451). Equally without merit is defendant's contention of error in the ruling made by the court, at the People's request, relating to notes and a report of Investigator Patterson, a part of which were introduced into evidence by defense counsel.

The court simply instructed the jury that the full content was not admitted in the case by prior agreements of the parties and that the other parts were not probative of facts in this case. We find no prejudice in these instructions. ¶ Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.