■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WAYTES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered June 11, 1982, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The indictment filed against the defendant charged him with rape in the first degree, attempted rape in the first degree, five counts of sexual abuse in the first degree and two counts of sodomy in the first degree. One sodomy count accused the defendant of having committed oral sodomy; the other accused the defendant of having committed anal sodomy. Both sodomy counts alleged that the acts were committed on the same date and otherwise followed the statutory language.

Instead of asking the jury for verdicts on each count, however, the trial court combined the two into a single count and then instructed the jury that it could find defendant guilty of sodomy in the first degree if they found that he committed *either* oral *or* anal sodomy. The jury acquitted defendant of rape, attempted rape, and sexual abuse, but convicted him of one count of sodomy in the first degree.

In a supplemental brief, defendant claims, for the first time, that by instructing the jury that it could return a guilty verdict upon a finding that defendant committed *either* oral *or* anal sodomy, the court left open the possibility that, while all 12 jurors believed that he committed one or the other of the acts, there was no unanimity as to either act (see *United States v Mastellotto,* 717 F2d 1238, 1247-1251; *United States v Echeverry,* 698 F2d 375, 377, mod and reh den 719 F2d 974; *People v Standish,* 5 AD2d 726, 727; *People v Light,* 285 App Div 496). On this record, that is not a basis for reversal.

It is beyond dispute that, in the first instance, a single-count indictment charging sodomy would have been perfectly proper (see, e.g., *People v Jackson,* 46 NY2d 721; *People v Setford,* 67 AD2d 1060, 1061; *People v Lark,* 66 AD2d 860). In such circumstances, a general instruction on the definition of the elements

of sodomy in the first degree, which would be sufficient (see 2 CJI, Penal Law 130.50, subd 1, pp 426-429; *People v Hairston,* 101 AD2d 912; *People v Griffith,* 80 AD2d 590, 591), would be cast in either/or language by virtue of the statutory definition of "deviate sexual intercourse," i.e., "sexual contact * * * between the penis and the anus, the mouth and penis, *or* the mouth and the vulva" (Penal Law, § 130.00, subd 2, emphasis supplied).

Consequently, the alleged defect is not of a jurisdictional nature and is deemed waived by a failure to object (see *People v Ford,* 62 NY2d 275, 283). Indeed, defendant affirmatively sought such consolidation, consistently urging, over the People's objection, that he was "overcharged", and that the counts were "cumulative". Review of such invited error in the interest of justice is not warranted (see *People v DeLee,* 106 AD2d 395), and, in any event, there is no prejudice. The jury perforce rejected the defense of consent and, on the witness stand, defendant admitted that he had engaged in oral sex with complainant.

None of defendant's remaining claims warrants reversal. The evidence was sufficient to support the verdict (see *People v Bigelow,* 106 AD2d 448); the verdict convicting defendant of sodomy in the first degree is not repugnant to the acquittal on the other counts (see *People v Goodfriend,* 100 AD2d 781, affd 64 NY2d 695; *People v Burns,* 83 AD2d 639). In any event, that issue was not preserved for appellate review (*People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048; *People v Burford,* 105 AD2d 752). Finally, we decline to substitute our discretion for that of the sentencing Judge (*People v Suitte,* 90 AD2d 80). Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.