■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAMPAN, Appellant.

Defendant involved himself in an altercation with the manager of a gas station during the course of which he allegedly stabbed the manager with a knife. There was no issue of identification and the case presented a pure question of credibility which was resolved against the defendant by the jury. The eviction was sufficient in quantity and quality to support the verdict and to establish defendant's guilt beyond a reasonable doubt (*People v Bigelow,* 106 AD2d 448).

Defendant's claim that the trial court refused to admit evidence that the manager, who testified against him, had commenced a civil suit against him, which would tend to demonstrate possible bias or prejudice (*see,* Ann., 98 ALR3d 1060, § 2) has no basis in the record. Defendant sought to use a portion of the civil complaint in cross-examination solely as a prior inconsistent statement and pursued another line of questioning after the manager stated that he had never seen the complaint. Since defense counsel never sought to admit the civil complaint to establish prejudice or bias, the trial court never passed on the question. We decline to exercise interest of justice review in such

circumstances (*cf. People v Waytes,* 107 AD2d 774; *People v Delee,* 106 AD2d 395).

Although several of the prosecutor's remarks would have been better left unsaid, when objection was made appropriate admonitions were given which were sufficiently curative. Interest of justice review of the unprotested remarks is not warranted. We are convinced that the jury focused on the issue before it and that defendant received a fair trial (*People v Galloway,* 54 NY2d 396, 399; *People v Roopchand,* 107 AD2d 35).

Finally, the sentence imposed does not warrant appellate modification (*People v Suitte,* 90 AD2d 80). Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.