THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHERYL WILLIAMS, Appellant.

The trial court did not err in denying the defendant's challenges to two prospective jurors for cause because no basis for their exclusion from the jury was shown. Both prospective jurors unequivocally stated that their contact with police officers would not affect their determination in the instant case and that they did not believe that police officers were more credible than any other witnesses.

The defendant was not prejudiced by the denial of her motion for a severance, since her own confession and trial testimony were substantially identical with the extrajudicial statement of her nontestifying codefendant *(see, Parker v Randolph,* 442 US 62; *People v McNeil,* 24 NY2d 550, *cert denied sub nom. Spain v New York,* 396 US 937; *People v Cruz,* 66 NY2d 61, *cert granted* — US —, 106 S Ct 2888; *People*

*v Berzups,* 49 NY2d 417). Since the defendant did not clearly show that her codefendant would testify if they were tried separately and that such testimony would tend to exculpate her, the court did not abuse its discretion in denying her motion *(see, People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905). The defendant's additional claims regarding the denial of her motion for a severance have not been preserved for review as a matter of law, and we decline to address them in the interest of justice.

The evidence adduced at the trial was sufficient to establish the defendant's guilt beyond a reasonable doubt with respect to all of the counts of which she was convicted *(see, Jackson v Virginia,* 443 US 307; *People v Contes,* 60 NY2d 620).

Any possible prejudice created by the prosecutor's summation was cured by the court's curative instructions *(see, People v Campan,* 110 AD2d 845), and the defendant was not prejudiced by the court's failure to charge in the language requested by her since the charge that was given by the court adequately covered the subject of her request *(see, People v Dory,* 59 NY2d 121; *People v Dengler,* 109 AD2d 847).

Finally, while the defendant was eligible for youthful offender treatment on the basis of her age, since she was 18 years old at the time of the commission of the instant offenses, and because of her lack of prior criminal history, the determination of whether to grant youthful offender status rests within the discretion of the court *(see, People v Selg,* 110 AD2d 918; *People v Parris,* 109 AD2d 853; *People v Williams,* 78 AD2d 642), and it cannot be said that the court abused its discretion in the instant case. Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.