■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DURWIN STEWART, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 7, 1982, convicting him of attempted robbery in the second degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no error in the hearing court's denial of the defendant's motion pursuant to CPL 710.30 to suppress various statements overheard by a police officer that were made by the defendant and a codefendant while the two were conversing in the police station holding cell. Not only were the contested statements voluntarily made *(see, People v Mirenda,* 23 NY2d 439, 448), they were not made to the police or to one of their agents *(see, People v Rodriguez,* 114 AD2d 525; *People v Smith,* 100 Misc 2d 823). Moreover, the People were not required to serve the defendant with notice of their intent to offer into evidence testimony as to an answer given by the defendant in response to a pedigree question, since the answer was not properly subject to a motion to suppress under CPL 60.45 *(see,* CPL 710.30 [1] [a]; *People v Rodriquez,* 39 NY2d 976; *People v Miller,* 123 AD2d 721). Similarly, the People did not have to notify the defendant of their intent to use a statement he made at his arrest wherein he professed his innocence as the remark was voluntary and part of the res gestae *(see, People v Mirenda, supra; People v Wells,* 133 AD2d 385).

The defendant also argues he was deprived of a fair trial as a result of prosecutorial misconduct during the People's summation. However, the defendant failed to object to one of the contested remarks, rendering any contention regarding it unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467; *People v Udzinski,* 146 AD2d 245, 248-252), and the other remarks constituted fair comment on the evidence *(see, People v Marks,* 6 NY2d 67).

Finally, in light of the defendant's criminal conduct subsequent to the instant offense, it cannot be said the court improvidently exercised its discretion in refusing to accord him youthful offender status *(see, People v Hampton,* 148 AD2d 633, 634; *People v Williams,* 124 AD2d 615). Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.