■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DRAYTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered September 14, 1988, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, we discern no improvident exercise of discretion in the trial court's denial of a lengthy and indeterminate adjournment to permit the defendant an opportunity to procure the testimony of one or more codefendants at his trial. The record reveals that the codefendants entered pleas of guilty with regard to their involvement in the same robberies for which the defendant was to stand trial. On the date of his pretrial hearing, the defendant claimed that his codefendants might testify in his favor at his impending trial. He subsequently requested an adjournment until 30 days after the sentencing of the several codefendants, reasoning that this period would mark the end of their time within which to file notices of appeal from their convictions and therefore would permit him to obtain their testimony at his trial without the possibility that they would invoke the privilege against self-incrimination. However, the defendant failed to adequately demonstrate that his codefendants would testify if called upon to do so, and he further failed to establish that any potential testimony they might provide would be exculpatory with regard to his participation in the instant offenses. Moreover, inasmuch as the defendant did not present the trial court with proof that his codefendants would forego their rights to appeal, he did not negate the possibility that they would pursue appeals and continue to exercise the privilege against self-incrimination during the appellate process. Under these circumstances, the defendant's application for an adjournment based upon the mere possibility that his codefendants might testify in his favor was highly speculative (see generally, People v Wallace, 153 AD2d 59; People v Williams, 124 AD2d 615), and we cannot say that its denial constituted a departure from the trial court's sound discretion. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.