OPINION OF THE COURT
John M. Hunt, J.
This court must decide whether the Penal Law definition of “sexual contact” (Penal Law § 130.00 [3]) includes an act whereby one gratifies sexual desire by using an inanimate object to touch the clothed “sexual or intimate parts” of an *415 other person without that person’s consent. A review of relevant case law reveals no direct precedent on the pending issue.
The respondent in this case is charged with acts which if done by an adult would constitute the crimes of sexual abuse in the second degree (Penal Law § 130.60 [2]) and sexual abuse in the third degree (Penal Law § 130.55). At the fact-finding, the complainant, an 11-year-old girl, testified that she knew the 15-year-old respondent as a fellow student in her junior high school and that he touched various parts of her body without her permission during English class on the morning of December 12, 1997. The complainant described an incident which began when the respondent placed his hand on her inner thigh and kept it there until she pushed it away. Although this initial unwanted touching might have been charged as an act of sexual abuse (see, People v Johnson, 102 AD2d 895 [2d Dept 1984]), it is not. Instead, the petition alleges other acts which the complainant testified occurred immediately thereafter when the respondent touched her breast two to three times with his elbow and then touched her vaginal area with a pencil. Each of these latter touchings ostensibly occurred through or over the complainant’s clothing.
A person is guilty of sexual abuse in the second degree “when he subjects another person to sexual contact and when such other person is * * * (2) Less than fourteen years old.” (Penal Law § 130.60 [2].) A person is guilty of sexual abuse in the third degree “when he subjects another person to sexual contact without the latter’s consent” (Penal Law § 130.55). A required element in both of these provisions is that of “sexual contact”, which is defined in the Penal Law as any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying the sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing. (Penal Law § 130.00 [3].)
This court finds the complainant to be credible, credits her version of the respondent’s unwanted touching of her body and finds that the only logical inference that flows from all the evidence presented is that the respondent acted intentionally in each instance and did so for the purpose of gratifying his own sexual desire. With respect to respondent’s purposeful repeated touching of the complainant’s breast with his own elbow, the court finds that the presentment agency has proven beyond a reasonable doubt that the respondent thereby subjected the complainant to “sexual contact” as the term is defined in Penal *416 Law § 130.00 (3). What remains for the court to determine is whether or not the respondent’s further act of using a pencil to touch the complainant’s genital area above her clothing falls within that same Penal Law definition of “sexual contact”.
It is well settled that the Penal Law should not be strictly construed; instead, it should be interpreted “according to the fair import of [its] terms to promote justice and effect the objects of the law.” (Penal Law § 5.00.) This rule has been held to authorize a court to dispense with hypertechnical or strained interpretations of the statute. (People v Ditta, 52 NY2d 657 [1981].) Thus, conduct that falls within the plain, natural meaning of a Penal Law provision may be punished as criminal. (Supra, at 660.)
Cases interpreting the definition of “sexual contact” (Penal Law § 130.00 [3]) involve varied scenarios. Nevertheless, these cases typically share the common factual component of actual physical contact between a part of the victim’s body and a part of the perpetrator’s body accomplished either directly or through clothing.* This court found only one reported case, People v Hairston (101 AD2d 912 [3d Dept 1984]), which considered whether touching another’s intimate parts with an inanimate object could form the basis of a sexual abuse charge. In Hairston, the defendant was accused of sexually abusing a semi-clad four year old by placing both his exposed penis and a vibrator next to a child’s vagina. The Third Department found that under the facts of that case, either act was sufficient to constitute a violation of section 130.65 of the Penal Law (sexual abuse in the first degree).
In the sexual abuse provisions of the Penal Law, the only reference to the use of the term “foreign object” is found in section 130,66 (aggravated sexual abuse in the third degree) and section 130.70 (aggravated sexual abuse in the first degree), both of which contemplate the use of an instrument or article which is capable of causing physical injury when inserted into intimate parts of the body (see, Penal Law § 130.00 [9]). Because of different intent requirements, several courts have held that the crime of sexual abuse is not a lesser included of *417 fense of aggravated sexual abuse (see, People v Renna, 132 AD2d 981 [4th Dept 1987]; People v Green, 56 NY2d 427 [1982], rearg denied 57 NY2d 775; cf., People v Wheeler, 67 NY2d 960 [1986]). Nonetheless, it has been argued that prior to the addition of aggravated sexual abuse in the third degree to the Penal Law (L 1996, ch 181, eff Nov. 1, 1996), the same conduct that is now chargeable under that section could also have been punishable as sexual abuse in the first degree (see, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 130, at 422).
From the foregoing, it is clear that the term “sexual contact” as referred to in the statute and as used in the Penal Law encompasses many and varied forms of proscribed sexual touching. Given the inclusive nature of the statute, this court finds, after consideration of all of the evidence offered in support of the petition, that the respondent subjected the complainant to “sexual contact” when he touched her with a pencil in her vaginal area over her clothing for the purpose of gratifying his own sexual desire.
Accordingly, the court finds that the petitioner has established beyond a reasonable doubt counts 1 and 2 of the petition, sexual abuse in the second degree, a violation of Penal Law § 130.60 (2), an A misdemeanor. The remaining counts, 3 and 4, are dismissed as lesser included offenses. The matter is adjourned to August 3, 1998 for disposition.

 Intimate parts of the body have been held to include the buttocks (see, Matter of David M., 93 Misc 2d 545 [Fam Ct, Bronx County 1978]), the genital area (see, People v Estela, 136 AD2d 728 [2d Dept 1988]), the navel (see, People v Belfrom, 124 Misc 2d 185 [Sup Ct, Queens County 1984]), the leg (see, People v Graydon, 129 Misc 2d 265 [Crim Ct, NY County 1985]), and the mouth (see, People v Rondon, 152 Misc 2d 1018 [Crim Ct, Queens County 1992]; but see, People v Kittles, 102 Misc 2d 224 [Suffolk County Ct 1979]).