OPINION OF THE COURT
Randall T. Eng, J.
In a case of apparent first impression, the People have asked this court to hold that “speedy trial” protection, pursuant to CPL 30.30 (1) (a), does not apply to the above-named defendants who, though not accused of an offense defined in Penal Law §§ 125.10, 125.15, 125.20, 125.25 and 125.27, are nevertheless joined in an indictment charging their two codefendants with, inter alia, murder in the second degree.
Absent a clear and sufficient showing by the People why the court should deviate from the unambiguous language of the statute in question, this court rejects the opportunity to abridge the statutory rights of these defendants to a speedy trial.
On February 9, 1997, at approximately 11:45 p.m., an individual named Scott Schulman was fatally gunned down by a fusillade of bullets fired by at least two gunmen, as the deceased stood on a street in Rego Park, Queens. According to this indictment, Scott Schulman’s death was the culmination of a conspiracy to commit murder entered into on or about August 1, 1996, by Nicholas Varuzzi, Gennaro Destefano, Salvatore Pasquetti, Joseph Destefano and certain unnamed individuals. Overt acts allegedly performed by one or more members of the conspiracy included: (1) developing a plan for the Scott Schulman murder, (2) stealing a vehicle for use in the killing of Scott Schulman and the planned escape by the perpetrators, (3) the luring of Scott Schulman on the night of the murder to a local topless bar known as Goldfingers Night Club, (4) the dropping off of the unsuspecting victim at the side *718 entrance to his building, located at 63-60 98th Street, and (5) the shooting of Scott Schulman with multiple firearms.
For their alleged roles in the conspiracy, Nicholas Varuzzi and Gennaro Destefano were each indicted on a single count of conspiracy in the second degree (Penal Law § 105.15). Two codefendants, Joseph Destefano and Salvatore Pasquetti (the alleged shooters) were each indicted on one count of murder in the second degree (Penal Law § 125.25 [1]) and six counts of various weapons possession offenses, in addition to conspiracy in the second degree.
The defendants, Nicholas Varuzzi and Gennaro Destefano, have now moved, pursuant to CPL 210.20 (1) (g) and 30.30 (1) (a), for an order dismissing the indictment on the ground that they have been denied their right to a speedy trial. In opposing this motion the People argue that CPL 30.30 (1) (a) is inapplicable, since the defendants are joined on this indictment with two codefendants, Joseph Destefano and Salvatore Pasquetti, who have been charged with murder in the second degree, a crime specifically excluded from CPL 30.30 applicability. In the alternative, the People contend that absent excludable delay the case is not six months old.
It is well established that CPL 30.30 (1) (a) mandates “that the People be ready for the trial of a felony within six months * * * from the commencement of the criminal action” (People v Chavis, 91 NY2d 500, 504). “Failure to be ready within six months will result in dismissal of the indictment unless the prosecution can show that certain time periods should be excluded” (People v Chavis, supra, at 504-505, citing People v Berkowitz, 50 NY2d 333). A criminal action is deemed to have commenced on “ ‘the date on which the first accusatory paper is filed’ ” (People v Sinistaj, 67 NY2d 236, 239; People v Lomax, 50 NY2d 351). Here, the defendants were arraigned on felony complaints filed in the criminal court on April 5, 1997. Since the speedy trial time period is computed in terms of calendar months and is thus not necessarily 180 days (People v Cortes, 80 NY2d 201), the People (assuming that CPL 30.30 [1] [a] is applicable to these defendants) had to be ready in this case by October 5, 1997, within 183 days.
In seeking to persuade this court to deny these defendants statutory speedy trial protection, merely as a result of their having been joined on an indictment with codefendants charged with a homicide offense beyond the purview of CPL 30.30 (1) (a), the People have been unable to demonstrate a supportive legislative intent anywhere within the framework of the stat *719 ute in question, nor have they presented any relevant case law to support their position.
“In construing statutory language, courts must ‘take the statutes as they find them and * * * [may not extend] their operation beyond the bounds of the legislative intent’. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 73.) The plain, natural meaning of the language and import of penal statutes must be followed” (People v Walker, 120 Misc 2d 235, 238; Penal Law § 5.00; People v Ditta, 52 NY2d 657, 660). In defining when a motion to dismiss must be granted, pursuant to CPL 30.30 (1) (a), the language of the statute unequivocally makes direct reference to “a defendant”. Indeed, subdivision (3) (a) specifically removes an entire class of defendants (those charged with certain homicide offenses) from CPL 30.30 protection. Neither subdivision (1) nor (3) of CPL 30.30 makes any reference to a defendant charged with a felony but joined on an indictment with a codefendant charged with an excluded homicide offense. It is reasonable to believe that this omission by the Legislature was intentional (McKinney’s Cons Laws of NY, Book 1, Statutes § 74).
The People rely upon subdivision (4) (d) of CPL 30.30 which, in defining certain periods of time which may be excluded from speedy trial computations, excludes: “a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to this section has not run and good cause is not shown for granting a severance”. The People’s logic is misplaced. Subdivision (4) (d) does not exclude an entire class of defendants, as is the case with subdivision (3) (a). Rather, it recognizes that there will be instances wherein a defendant charged with a nonhomicide felony will be joined with a codefendant as to whom the time for trial pursuant to CPL 30.30 has not yet run. The possible reasons for the disparity are many: the defendants could have been indicted separately; one defendant could have been granted hearings that the other defendant was not; there could have been a change in counsel affecting only one of the defendants, etc. Nevertheless, the People may only receive the benefit of “a reasonable period of delay” in these types of situations. They cannot continue to avoid the readiness dictates of CPL 30.30 (1) (a) by simply relying upon the fact that a codefendant is not subject thereto.
Equally unavailing is the People’s argument that since the joinder of the defendants was proper under the theory that “all the. offenses charged are based upon” a common scheme or *720 plan (CPL 200.40 [1] [c]), the moving defendants are inherently saddled with the codefendants’ (Joseph Destefano and Salvatore Pasquetti) lack of speedy trial availability.
While joinder may be legally proper and may, as well, promote judicial economy, convenience to witnesses and a saving of resources, it is, in the end, simply a procedural tool that was never designed to defeat a defendant’s statutory right to a speedy trial.
Having concluded that the defendants, Nicholas Varuzzi and Gennaro Destefano, are to be afforded speedy trial protection within the meaning of CPL 30.30 (1) (a), notwithstanding their joinder with the two codefendants, Joseph Destefano and Salvatore Pasquetti, and the defendants having met their initial burden on this motion by alleging that the prosecutor failed to declare readiness within the statutorily prescribed time period (People v Goode, 87 NY2d 1045; People v Luperon, 85 NY2d 71), the court must now engage in a traditional CPL 30.30 analysis to determine whether or not the indictment should be dismissed as against the moving defendants.
Speedy Trial Computations
April 5, 1997 through April 30, 1997 — During this period the action was commenced by the filing of the felony complaint in criminal court and the defendants were each subsequently indicted on one count of conspiracy in the second degree (25 days chargeable to the People).
April 30, 1997 through September 18, 1997 — Defendants were arraigned upon the indictment and the matter was adjourned for the filing of motions and the court’s decision. The court rendered its decision granting suppression hearings to all defendants. Other proceedings, including a bail sufficiency hearing for the defendant, Nicholas Varuzzi, and a CPL 710.30 examination for the defendant, Gennaro Destefano, were also held. The defendants concede that this entire 141-day period of delay is excludable.
September 18, 1997 through September 27, 1997 — The People were not ready for the suppression hearing owing to the unavailability of a crucial witness, Detective John Wilde, who was recovering from a heart attack. The court finds this nine-day period of delay excludable as occasioned by “exceptional circumstances” (CPL 30.30 [4] [g]; see, People v Ali, 209 AD2d 227, Iv denied 85 NY2d 903; People v Celestino, 201 AD2d 91).
September 27, 1997 through October 21, 1997 — The suppression hearing was unable to commence because of the vacation *721 schedule of the now recovered Detective Wilde; however, all defense counsel consented to the matter being adjourned until October 21, 1997 (CPL 30.30 [4] [b]).
October 21, 1997 through November 5, 1997 — The People were not ready as the prosecutor was on trial elsewhere (15 days chargeable to the People).
November 5, 1997 through November 13, 1997 — The People filed a motion for a protective order and the defendants were given time to respond. This period of delay, including the time the matter was under consideration by the court is excludable, notwithstanding that the pretrial motion was filed by the People (CPL 30.30 [4] [a]; People v Barham, 216 AD2d 477; People v Sivano, 174 Misc 2d 427).
November 13, 1997 through December 5, 1997 — The court heard argument on the above-mentioned motion and reserved decision. The delay continues to be excludable.
December 5, 1997 through December 11, 1997 — The matter was adjourned for the court’s examination of discovery materials previously moved for by the defendants and for its decision on the People’s motion for a protective order. The delay continues to be excludable (CPL 30.30 [4] [a]).
December 11, 1997 through January 8, 1998 — The court rendered its decision on the motion and the matter was adjourned, on consent, for the commencement of the suppression hearings (CPL 30.30 [4] [a], [b]).
December 23, 1997 through December 24, 1997 — Upon an emergency application by counsel for the codefendant, Joseph Destefano, the case was advanced to the court’s December 23, 1997 calendar. The defendants moved for a dismissal of the indictment on the ground of prosecutorial misconduct. More specifically, they alleged that the police, at the direction of the District Attorney, had illegally seized an audiotape recording belonging to a defense investigator and containing an interview with a potential witness. An evidentiary hearing was begun and then continued until the following day (CPL 30.30 [4] [a]).
December 24, 1997 through January 6, 1998 — The hearing continued and the defendants requested an adjournment to call a specific witness, former Assistant District Attorney (ADA) Andrew Cohen. The delay is excludable (CPL 30.30 [4] [a], [b]).
January 6, 1998 through February 10, 1998 — The defendants rested their case and the People called two witnesses. The court directed the defendants to file written motion papers and the matter was adjourned to February 10, 1998 for oral argument. The delay continues to be excludable.
*722 February 10, 1998 through March 3, 1998 — The court heard oral argument from the parties and reserved decision on the defendants’ motion (CPL 30.30 [4] [a]).
March 3, 1998 through March 10, 1998 — The court was advised that the defendants wished to “re-open” the hearing to call a witness. In addition, counsel for the defendant, Gennaro Destefano, was not present in court. The one-week period of delay is excludable.
March 10, 1998 through April 8, 1998 — The defendants called their final witness, former ADA Cohen, and the court reserved decision on the motion to dismiss (CPL 30.30 [4] [a]).
April 8, 1998 through May 12, 1998 — The court rendered its written decision denying the defendants’ motion to dismiss, despite a finding of misconduct by the prosecution. No sanction was ordered against the People, since the defendants were unable to demonstrate any actual prejudice.
The court rejects the defendants’ argument that since a finding of prosecutorial misconduct was, in fact, made by the court, the entire period of time involved in the litigation of this particular issue (Dec. 23, 1997-May 12, 1998) should be charged to the People. CPL 30.30 (4) (a) specifically provides that the delay caused by pretrial motions is to be excluded when computing the time within which the People must be ready for trial. Pretrial motions are to be treated genetically, with no consideration going towards the eventual outcome of the proceedings. Were that not so, defendants, in general, could be heard to argue that the period of delay resulting from a successful suppression motion should be chargeable to the People. This strategy, clearly not contemplated by the Legislature in enacting CPL 30.30, would not be limited to suppression motions, but could be taken to an extreme whereby defendants would seek to charge the People with delay resulting from any conceivable pretrial motion, of whatever consequence.
The adjournment for the anticipated purpose of commencing the suppression hearing is excludable delay (CPL 30.30 [4] [a]).
May 12, 1998 through June 3, 1998 — The People weren’t ready to proceed on the suppression hearing (22 days chargeable to the People).
June 3, 1998 through June 24, 1998 — The People answered ready for the hearing but the matter was adjourned due to illness of counsel for defendant, Gennaro Destefano. The delay is excludable.
June 24, 1998 through August 5, 1998 — Counsel for two of the defendants, Gennaro Destefano and Salvatore Pasquetti, *723 were not present and the case was adjourned at defendants’ request. Again, the delay is excludable.
August 5, 1998 through September 8, 1998 — The People were not ready for the hearing as the prosecutor was out of town (34 days chargeable to the People).
September 8, 1998 through October 13, 1998 — The People were not ready for the hearing, the case having been assigned to a new Assistant District Attorney (35 days chargeable to the People).
October 13, 1998 through November 9, 1998 — The hearing was adjourned at the specific request of the newly assigned Assistant District Attorney, who appeared before the court and asked for approximately three weeks to prepare the matter for the hearing (27 days chargeable to the People).
November 9, 1998 through November 24, 1998 — Counsel for the codefendant, Pasquetti, was on trial elsewhere and the matter was adjourned at the defendants’ request. The 15-dayperiod of delay is excludable.
November 24, 1998 through December 1, 1998 — Again, the hearing was adjourned at the request of counsel for the codefendant, who was on trial in another county. The one week of delay is excludable.
December 1, 1998 through December 21, 1998 — Citing a “problem” with their case, the People answered not ready on the suppression hearing (20 days “originally” chargeable to the People).*
December 21, 1998 through January 29, 1999 — Subsequent to the December 1, 1998 adjournment, the defendants served upon the People and filed with the court, on December 4, 1998, the instant speedy trial motion to dismiss the indictment. Therefore, the original 20-day period of delay charged to the People, from December 1 through December 21, 1998, is reduced to three days, and the balance of the delay until January 29, 1999 is excludable as the period of time during which this motion was being decided by the court.
*724 Summary of Nonexcludable Delay
1. April 5, 1997 April 30, 1997 (25 days)
2. Oct. 21, 1997 Nov. 5, 1997 (15 days)
3. May 12, 1998 June 3, 1998 (22 days)
4. Aug. 5, 1998 Sept. 8, 1998 (34 days)
5. Sept. 8, 1998 Oct. 13, 1998 (35 days)
6. Oct. 13, 1998 Nov. 9, 1998 (27 days)
7. Dec. 1, 1998 Dec. 4, 1998 (3 days)
Total (161 days)
Since the People were required to be ready for trial in this case within 183 days, the 161 days of nonexcludable delay charged herein falls short of violating the defendants’ right to a speedy trial, pursuant to CPL 30.30 (1) (a).
Accordingly, the defendants’ motion to dismiss the indictment is denied.

 The “20-day-period” of delay was reduced to “3 days” upon the filing of this motion.