*897 OPINION OF THE COURT
John H. Wilson, J.
Defendant is charged with 69 counts of overdriving, torturing and injuring animals (Agriculture and Markets Law § 353), 69 counts of failure to provide proper food and drink to an impounded animal (Agriculture and Markets Law § 356), and 69 counts of carrying an animal in a cruel manner (Agriculture and Markets Law § 359), all class A misdemeanors.
By motion dated December 28, 2010, defendant moved to dismiss the criminal court complaint pursuant to CPL 30.30 (1), asserting that the People have failed to comply with the time limitations imposed upon the prosecution of class A misdemeanors by that section.
A jury trial of this action commenced on January 19, 2011 and concluded with defendant’s conviction for eight counts of overdriving, torturing and injuring animals (Agriculture and Markets Law § 353), 69 counts of failure to provide proper food and drink to an impounded animal (Agriculture and Markets Law § 356), and eight counts of carrying an animal in a cruel manner (Agriculture and Markets Law § 359) on January 26, 2011.
Defendant did then renew his motion pursuant to CPL 30.30 (1) as part of his motion to set aside the verdict pursuant to CPL 330.30, dated February 21, 2011. Defendant challenges the court’s instruction to the jury regarding Agriculture and Markets Law § 356.
The court has reviewed defendant’s motions, and the People’s responses dated January 5, 2011 and March 4, 2011. The court has also reviewed defendant’s reply affirmation dated March 13, 2011.
Defendant’s motions are denied. The court finds that the People are only charged with 62 days in this matter. The court also finds that the jury was properly instructed regarding Agriculture and Markets Law § 356.
Factual Statement
On October 12, 2008, defendant was arrested at the corner of 6th Avenue and 23rd Street, Brooklyn, New York, for keeping approximately 69 cats in cages in the back of a locked U-Haul truck for approximately one week. All cats were turned over to Animal Care and Control for medical attention after defendant’s arrest.
*898 Defendant’s Motion to Dismiss Must be Denied
Since the top count of the criminal court complaint herein is a class A misdemeanor, there is no dispute that 90 days is the applicable time limit. (See People v Lang, 5 Misc 3d 1021 [A], 2004 NY Slip Op 51474[U] [Crim Ct, Kings County 2004].)
Defendant was arraigned on the criminal court complaint in this matter on October 14, 2008.[1] The matter was adjourned for conversion of the complaint to December 8, 2008. Prior to that date, the People filed a statement of readiness with the necessary supporting deposition on November 7, 2008. The People are therefore charged 24 days for this time period.
On December 8, 2008, the matter was then adjourned to February 9, 2009 for discovery by stipulation. This is a consent adjournment. (See People v Lampley, 15 Misc 3d 1130[A], 2007 NY Slip Op 50912[U] [Crim Ct, Kings County 2007]; People v Camacho, 185 Misc 2d 31, 37 [Crim Ct, Kings County 2000].)
On February 9, 2009, discovery was filed with the court and served on then-defense counsel. The matter was adjourned for hearings and trial to March 31, 2009. Since the People are afforded a reasonable opportunity to be ready for hearings and trial, this time is excluded. (See People v Fleming, 13 AD3d 102 [1st Dept 2004] [and cases cited therein].)
On March 31, 2009, the court file indicates that defense counsel requested a motion schedule. Thereafter, for the next six dates, those being May 12, 2009, July 29, 2009, October 7, 2009, November 17, 2009, March 18, 2010, and May 13, 2010, the case was scheduled for either motion practice or the court’s decision, which was rendered on May 27, 2010. This entire time period is excludable under CPL 30.30 (4) (a). (See People v Hodges, 12 AD3d 527 [2d Dept 2004]; People v Sivano, 174 Misc 2d 427, 429 [App Term, 2d Dept 1997].)
On May 27, 2010, the court rendered its decision and granted pretrial hearings to the defendant. The matter was then adjourned to July 19, 2010 for the pretrial hearings. Since the People are afforded a reasonable opportunity to be ready for hearings and trial, particularly given the one-year delay for motion practice, this time is excluded. (See People v Fleming, 13 AD3d 102 [2004], supra.)
On July 19, 2010, the People stated not ready for hearings. The People requested two days, so the matter was then *899 adjourned to July 21, 2010 for hearing. This time (two days) is charged to the People.
On July 21, 2010, the People again stated not ready, and requested August 6, 2010. The case was adjourned to August 9, 2010. It is well settled that post-readiness, the People are to be charged only with the amount of time they request. (See People v Urraea, 214 AD2d 378 [1st Dept 1995]; People ex rel. Sykes v Mitchell, 184 AD2d 466 [1st Dept 1992].) Therefore, the People are charged with 16 days for this adjournment.
On the next three dates, August 9, 2010, October 19, 2010, and November 30, 2010, the People stated ready for hearings; however, either defendant was not ready, or no parts were available. Thereafter, on December 2, 2010, the People stated not ready, based upon their witness being on vacation from December 2, 2010 to December 21, 2010. The parties agreed to an adjournment to January 11, 2011, upon which date the hearings and subsequent trial of this action commenced.
Since this request was made post-readiness, the court charged the People with the time their witness was on vacation for a total of 20 days during this adjournment.
If we add the 24 days charged between October 14, 2008 and December 8, 2008, to the 2 days charged between July 19, 2010 and July 21, 2010, to the 16 days charged between July 21, 2010 and August 9, 2010, and the 20 days charged to the People between December 2, 2010 and January 11, 2011, the court calculates 62 days as charged to the People prior to the trial of this matter.
On this basis, therefore, defendant’s motions to dismiss pursuant to CPL 30.30 (1) are denied.
Defendant’s Motion to Set Aside the Verdict Must be Denied
Sixty-nine of the counts charged against defendant are for violations of Agriculture and Markets Law § 356, failure to provide proper food and drink to an impounded animal. In pertinent part, this section reads as follows: “A person who, having impounded or confined any animal, refuses or neglects to supply to such animal during its confinement a sufficient supply of good and wholesome air, food, shelter and water, is guilty of a misdemeanor.”
In its instruction to the jury, the court stated as follows:
“Under Agriculture and Markets Law Section 356, insofar as is applicable to this case, a person who, *900 having confined any animal, neglects to supply to such animal during its confinement a sufficient supply of good and wholesome air, food, shelter and water is guilty under the statute. I remind you that under Agriculture and Market Law Section 350, ‘animal’ means every living creature, except a human being.
“In order for you to find the Defendant guilty of this offense, the People are required to prove, from all the evidence in the case, beyond a reasonable doubt, each of the following elements: One, that on or about October 12, 2008, in the County of Kings; two, the Defendant; three, confined; four, any animal; and, five, neglected to supply the animal, during its confinement, with a sufficient supply of good and wholesome air, food, shelter and water. “Therefore, with respect to this count, if you find that the People have proved each of these five elements, as I have just explained them, for one or more of these 69 cats, then you may convict the Defendant of the violation of Agriculture and Market Section 356 for each cat for which you find each of the above-described elements present.
“On the other hand, if you find that the People have failed to prove beyond a reasonable doubt all of these elements regarding any of these 69 cats, then you must find the Defendant not guilty of this charge as to the cats for which you do not find all of these elements present.” (Trial transcript, Jan. 26, 2011, at 104, line 11; at 105, line 21.)
During its deliberations, the jury sent a note requesting clarification of this charge. After consulting with the parties, in response to the note, the court gave the following answer:
“Your second note, at 3:00 p.m., ‘We would like clarification on Count 2, sufficient supply of good and wholesome air, food, shelter and water, is guilty under the statute. Is this “and” or “or”? Does the Defendant need to be guilty of all in order to be guilty under the statute, or simply guilty of one?’
“The statute uses the word ‘and’ but also uses [commas] between air, food, shelter; so it’s ‘or.’ And, no, the Defendant need not be guilty of all in order to be guilty under the statute. He could be guilty or not guilty of one or more, and what I will suggest to you is when you make your finding on that count, if *901 you would circle what you find to be the applicable status, that might help clarify what you’re thinking. “Obviously, if you find him not guilty of that count, then you wouldn’t circle anything. But if you were to find the Defendant guilty on that count of one or more of the cats, then if you would circle whatever you believe applies. The words all have their normal dictionary meanings; so hopefully, that answers your question there.” (Trial transcript, Jan. 26, 2011, at 126, line 4; at 127, line 3.)
Defense counsel objected to this answer on the basis that the statute “requires a finding that they were deprived of a sufficient supply of all four,” that being “air, food shelter and water” (trial transcript, Jan. 26, 2011, at 123, lines 6-8); however, the court overruled this objection, stating “I believe that due to the placement of the commas between air, food, shelter, I believe that it’s an implied ‘or’; so that’s the way I’ll charge it. Your objection is noted.” (Trial transcript, at 123, lines 12-16.)
Defendant was subsequently convicted of all 69 counts of failure to provide proper food and drink to an impounded animal (Agriculture and Markets Law § 356).[2] Defendant now ascribes error to the court’s instruction based upon the objection he stated at trial.
“[Legislative intent is to be ascertained from the words and language used, and the statutory language is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction.” (See McKinney’s Cons Laws of NY, Book 1, Statutes § 94, at 188.) Further, “in the interpretation of statutes, the great principle which is to control is the intention of the Legislature in passing the same, which intention is to be ascertained from the cause or necessity of making the statute.” (Matter of Shaul, 199 Misc 1000, 1002 [Sur Ct, Jefferson County 1951].)
Agriculture and Markets Law § 356 obligates a person who has confined an animal to provide said animal with “a sufficient supply of good and wholesome air, food, shelter and water.” All four elements must be provided to a confined animal — breathable air, eatable food, livable shelter and drinkable water. It is inconceivable that the Legislature intended that a person could *902 provide an animal with three out of four of these necessities and not be guilty of the underlying crime.
In other words, if defendant provides an animal he has confined with food and water, and some form of shelter, but keeps that animal confined in a dark, airless space, or if he provides food, shelter and air, but no water, the defendant has failed in his obligation to properly tend to the confined animal. All four basic requirements of life must be provided by defendant to the confined animal for the obligations imposed by Agriculture and Markets Law § 356 to be met. If any one is missing, defendant has failed to care for the animals under his confinement.
This is the only logical and appropriate way to interpret this statute. Any other interpretation would allow defendant to give an animal rancid food, putrid water and unbreathable air, but so long as the animal has proper shelter, defendant would not be guilty of a violation of Agriculture and Markets Law § 356. Such a result would be clearly contrary to the intention of this statute, which seeks to impose a penalty on those who mistreat a confined animal.
Further, the overly strict interpretation of Agriculture and Markets Law § 356 urged by defendant is contrary to the rules of statutory construction applicable to criminal laws. Under Penal Law § 5.00, “[T]he provisions [of the Penal Law] must be construed according to the fair import of their terms to promote justice and effect the objects of the law.” (See People v Perez, 189 Misc 2d 516, 520 [County Ct, Nassau County 2001]; People v Varuzzi, 179 Misc 2d 716, 719 [Sup Ct, Queens County 1999]; Matter of Winner S., 177 Misc 2d 414, 416 [Fam Ct, Bronx County 1998] [“conduct that falls within the plain, natural meaning of a Penal Law provision may be punished as criminal”].)
Agriculture and Markets Law § 356 states that a person who violates the statute is guilty of a misdemeanor, “punishable by imprisonment for not more than one year, or by a fine of not more than one thousand dollars.” Thus, there can be no doubt that this is a penal statute, to which are applicable the principles of Penal Law § 5.00. To hold as defendant argues, and only find defendant guilty if he fails to provide a confined animal with all four necessities of life — breathable air, eatable food, livable shelter and drinkable water — would be contrary to the object of the law and not promote justice. Clearly, the failure to provide any one of these elements is a violation of Agriculture and *903 Markets Law § 356, and as the jury was so instructed, there was no error in the court’s charge to the jury.
Therefore, defendant’s motion to set aside the verdict on this ground is denied.
All other arguments advanced by the parties have been reviewed and rejected by this court as being without merit.

. At the arraignment, defendant was represented by another attorney. Current defense counsel did not appear on behalf of defendant until January 30, 2009.

. Defendant does not challenge his conviction for eight counts of over-driving, torturing and injuring animals (Agriculture and Markets Law § 353) and eight counts of carrying an animal in a cruel manner (Agriculture and Markets Law § 359), both of which are also class A misdemeanors.